*J. R. Robinson, R. A. Puryear, for appellees.*

---

BOGARD & BROTHER *v.* BUCKNER, TERRELL & CO.

[Abstract Kentucky Law Reporter, Vol. 5—859, 866.]

**Attachment.**

   An attachment is but an incident to a cause, and where the court has jurisdiction of the parties, some of whom reside in one county and others in another, the court has jurisdiction to subject the land in the county where the court does not sit, and to remove a cloud upon the title in order to do so.

**Continuance of Cause.**

    No continuance will be granted to a party on account of absent evidence where no sort of diligence is shown in the preparation of the case and to produce the evidence at the trial.

APPEAL FROM McCRACKEN COURT OF COMMON PLEAS.

April 17, 1884.

OPINION BY JUDGE HINES:

It is insisted that the court in McCracken county had no jurisdiction to set aside for fraud a conveyance to land lying in Trigg county, and to sell the land under attachment to pay appellee's debt. One of the debtors and the vendor of the land, W. B. Trabue, resided in McCracken where service was had, and the other, W. C. Trabue, in Trigg, where service was had on him. This gave a right to a personal judgment against the Trabues, and the attachment which was levied upon the land in Trigg was merely an incident to the proceeding to make the debt and gave the court jurisdiction to subject the land and to remove a cloud upon the title in order to do so. It is not a proceeding for the sale of land "under a mortgage, lien, or other incumbrance or charge" which is required by Civ. Code 1876, § 62, to be had in the county where the land lies. *Nixon v. Jack,* 16 B. Mon. (Ky.) 174; *Webb v. Wright,* 2 Bush (Ky.) 126; *McCallister's Admr. v. Savings Bank,* 80 Ky. 684, 4 Ky. L. 682.

It is complained that the court should have continued the cause in order to allow appellants to introduce evidence to contradict the statements of witnesses whose depositions had been taken and lodged in the case. If for no other reason the court properly refused the continuance because no sort of diligence is shown in the preparation of the case. The application did not come until the case had been heard and the judgment of the court announced. The court acted within a sound legal discretion in refusing the continuance.

The deed to appellant was set aside upon the ground of actual fraud and therefore the court properly refused to direct the repayment of the purchase-money except that which had been paid in the discharge of a valid mortgage lien. That appellant knew the Trabues were insolvent and that W. B. and W. C. Trabue were both disposing of their property to defraud appellees is quite clear from

the evidence in the record, and it is equally clear that appellants actively participated with the Trabues in their fraud. The immediate facts of the trade between the Trabues and appellants show this with sufficient certainty to support the finding of the court below. They purchased the land of W. B. Trabue for the recited consideration of $2,000, when the weight of the evidence is that it is not worth more than $1,800, and on the same day and as a part of the same transaction appellants sold it to W. C. Trabue, on one, two and three years' time, for $2,400, reserving a lien, when they knew that W. C. Trabue was hopelessly insolvent, as they then held a mortgage on his personal property which was worth only $500 to secure a debt of over $1,000. There could have been but one object in this, and that to prevent the land from being subjected to the debts of W. B. and W. C. Trabue. There is much other evidence as to the fraudulent intention in this trade and conveyance, but we deem it unnecessary to refer to it in detail.

Appellants insist that they should have had preference over appellees for the value of the lease they held on the land. This lease they had transferred to W. C. Trabue who was then in possession of the land. The evidence does not clearly show its value, but whatever it was appellants are no more entitled to preference for that value than for the money at the time paid W. B. Trabue as part of the purchase-money. It was a part of the consideration for the purchase and nothing more. The lease having been sold to W. C. Trabue he was indebted to appellants, and this debt was released as a part of the consideration.

Judgment *affirmed.*

*R. A. Burnett, for appellants.*

*W. D. Green, Wm. Lindsay, for appellees.*