CASE 91—PETITION EQUITY—FEBRUARY 11.

## Shields, &c., v. Yellman, &c.

APPEAL FROM JESSAMINE CIRCUIT COURT.

1. SALE OF DECEDENT'S LAND—VENUE OF ACTION.—Where there is no suit pending to settle the estate of a decedent, an action to enforce a mortgage lien against the land of the decedent should be brought in the county where the land is situated. (Section 62 (sub-sec. 3), and 65 of the Civil Code construed and harmonized.)

2. SALE OF WIFE'S LAND FOR HUSBAND'S DEBT—APPLICATION OF PROCEEDS OF CURTESY.—Where the wife's land was mortgaged to secure the debt of the husband, and was sold for the debt after the death of the wife, who had left a child, and the husband a tenant by the curtesy, the value of the husband's curtesy should not have been allowed to him out of the surplus proceeds of the sale, but should have gone to pay his debt, and left the surplus to the child.

BEN P. CAMPBELL FOR APPELLANTS.

1. Under the provisions of the Civil Code, and especially sub-section 3 of section 62, the county of the decedent's residence alone had jurisdiction to sell her land. (Civil Code, secs. 62, 65, 66; Girty v. Frame, 6 Bush, 10; Montgomery v. Montgomery, 2 Bush, 49; Hobson v. Hobson, 8 Bush, 665; Ky. Stats., secs. 3894, 4849; Hughey v. Sidwell, 18 B. M., 261; Carpenter v. Strother, 16 B. M., 295.)

2. Where the court has no jurisdiction of the subject matter of the action, consent can not give it, and it is never too late to question it. (Wildman v. Rider, 23 Conn., 174; Hughey v. Sidwell's Heirs, 18 B. Mon., 261; Bell v. Fludd, 28 S. C., 213; M. C. & L. R. v. Swan, 111 U. S. Sup. Ct. Reps., 388; Bullitt v. Commonwealth, 14 Bush, 74; Finnell, &c., v. Jones' Ex'rs, 7 Bush, 362; Jenkins v. Crofton's Adm'r, 10 Ky. Law Rep., 456; Banks v. Fowler, 3 Littell, 332; Grant v. Tams & Co., 7 Mon., 222; Baker v. L. & N. R. Co., 4 Bush, 623; Carpenter, &c., v. Strother's Heirs, 16 B. Mon., 295.)

GEO. R. PRYOR FOR GUARDIAN AD LITEM.

1. The fund derived from the sale of the mortgaged land should be
   exonerated to the extent of the value of the husband's interest
   as tenant by the curtesy. (Bright's Husband and Wife, vol. 1,
   p. 267; Schoulten on Domestic Relations, pp. 154-5 and 176;
   Amer. & Eng. Enc. of Law, vol. 14, pp. 586-7 and notes.)

WM. S. PRYOR FOR APPELLEE.

1. At the death of the wife the husband became inter-
   ested in the land as tenant by the curtesy. It is plain
   that his interest in it could not be subjected in any
   county except where the land is situated and it is not
   contemplated in section 62 of the Civil Code that two different
   suits in different counties should be necessary to foreclose one
   mortgage covering different interests in the same land. There
   being no suit to settle the estate of the decedent, section 65 of
   the Civil Code has no application.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

Appellee Yellman and his wife, executed a mort-
gage to Shields on certain lands of the wife, in Jessa-
mine county, to secure a debt of the husband.

The wife died intestate in Fayette county, leaving
one child. She had no personal estate, and there was
no administration. This suit was then brought by the
mortgagees in the Jessamine Circuit Court for a sale
of the land to satisfy the debt. After its sale, at which
the plaintiffs became the purchasers, they became
doubtful of the jurisdiction of the court, and raised
that issue by an amended petition and by exceptions
to the commissioner's report of sale. The chancellor
overruled the exceptions and upheld the jurisdiction
of the Jessamine court. We think this ruling correct.
This was not an action to settle the estate of a deceased
person, and for that reason required by section 65, of
the Civil Code, to be brought in the county in which

the personal representative was qualified. Nor in our opinion does subsection 3, of section 62, of the Code apply to an action of this kind.

There it is provided that actions for the sale of real property under a mortgage must be brought in the county in which the subject of the action is situated, except for debts of a decedent. It seems to us that this exception had reference to and was made in view of the provisions of section 65.

It is manifest that if an action was pending to settle the estate of a deceased person, and mortgage liens were set up, the court, where the personal representative was qualified, alone having jurisdiction of such action, must also have jurisdiction to decree a sale of the mortgaged property, although it may be situated in another county. Hence the necessity for an exception to the general rule.

In this case there was no personal representative, and no suit to settle the estate. Moreover, it was a suit to sell the husband's interest as well as that of his wife's, and for his debt, and we do not see how in a suit in Fayette county his interest could have been sold, the action as to him being clearly local. But in distributing the surplus proceeds of the sale the husband was given his full share as tenant by the curtesy in the whole tract over the objection of the guardian *ad litem* of his child. It seems to us that, as from the averments of the petition this debt was that of the husband, the value of his interest ought to have gone to pay his debt, which would seem to leave the

entire surplus for the child. This being true it is unnecessary to pass upon the question as to whether the husband's interest is to be fixed under the old or new law regulating his interest in his wife's estate. Upon the return of the case the court should adjudge the surplus proceeds to the child unless the husband should make it appear that it was in fact the wife's debt in whole or in part.

This he should be allowed to show if he desires, as there has in fact been no issue made on that behalf or plea to which he was called on to respond.

The judgment as to the Shields is affirmed, and, as the collection of the surplus after satisfaction of the plaintiff's debt was suspended by supersedeas, damages will be awarded.

On the appeal of the guardian *ad litem* the judgment is reversed for proceedings consistent herewith.