CASE 81.—ACTION BY GEORGE DINNING AGAINST JOE L. CONN'S ADMINISTRATOR AND OTHERS TO EN-FORCE THE PAYMENT OF A JUDGMENT AGAINST THE ESTATE OF THE DECEDENT.—February 19.

## Dinning v. Conn's Adm'r

Appeal from Jefferson Circuit Court, Chancery Branch (Second Divison).

Samuel B. Kirby, Judge.

From the judgment plaintiff appeals. Affirmed.

Venue—Actions Against Administrators—Statutes.—The venue of an action by a creditor of a decedent, based on the ground that the administrator had wrongfully paid out the assets of the estate among other creditors is determined by Civil Code, sections 65, 66, providing that actions to settle the estate of a decedent, etc., must be brought in the county in which the

personal representative qualified, and not by section 78, providing that an action which is not regulated by the foregoing sections may be brought in any county in which defendant is summoned, etc.

BENNETT H. YOUNG, M. W. RIPY and L. W. YEAMAN, attorneys for appellant.

In this case relief is sought against the common creditors of the decedent alone, and not against the administrator. That the creditors who have been wrongfully paid more than their pro rata share can be compelled to so far refund as to accomplish an equalization among all creditors of like dignity and standing there can be no doubt, and the one question 'to be determined is whether the circuit court of Jefferson county has jurisdiction to make the necessary orders. We think it has.

BROWDER & BROWDER and GRUBBS & GRUBBS, for appellees.

(No brief in the record.)

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This is an appeal from a judgment of the Jefferson circuit court, chancery branch, second division, sustaining a special demurrer to the jurisdiction of the court and dismissing the appellant's action.

The action was brought to enforce the payment of a judgment for $8,333.33 1-3, which the appellant, George Dinning, on May 5, 1899, obtained in the United States circuit court for the District of Kentucky, against the appellee Charles H. Conn, as administrator of the estate of Joe L. Conn, deceased, it being alleged in the petition that no part of this judgment has been paid although appellee had received as assets belonging to the estate of his intestate $3,000, which he paid to numerous creditors of the estate, all the creditors except appellant having received some part thereof; that the decedent died in Logan county, where he was then domiciled, and that appellee was

appointed by the Logan county court administrator of his estate, and in that court gave bond and duly qualified as such. It is further alleged in the petition that the creditors who received payment of their claims by the administrator were not entitled to priority over appellant, whose demand against the decedent's estate was of equal dignity with theirs. The administrator and several creditors of the decedent to whom the administrator distributed the assets of the estate were made defendants to the action, and the amount paid each creditor by the administrator set forth in the petition. The administrator still resides in Logan county, as do many of the creditors. Some of the creditors live in the city of Louisville, and some in other parts of the State. It does not appear from the averments of the petition, whether the administrator has fully administered the decedent's estate, or whether he has made a final settlement of his accounts as administrator. Nor is it alleged that he had not distributed to the decedent's creditors all of the assets of the estate before appellant's judgment was obtained. By the prayer of the petition judgment was asked, ordering the creditors to pay into court the amounts received by them, respectively, from the administrator, or so much thereof as to the court might seem just, and directing a correct and just distribution of the assets.

The only question presented for decision by the appeal is, had the Jefferson circuit court jurisdiction of the subject of the action and the parties? Civil Code, section 428, provides: "A representative, legatee, distributee, or creditor of a deceased person, may bring an action in equity for the settlement of his estate." Sub-section 2 provides: "The representative of the decedent, and all persons having a lien

vol. 124—40.

upon, or interest in the property left by the decedent, or any part thereof, and the creditors of the decedent, so far as known to the plaintiff, must be made parties to the action, as plaintiffs or defendants.'' Section 65 requires that: ''An action to settle the estate of a deceased person must be brought in the county in which the personal representative was qualified. * * *'' Section 66 provides: ''An action for the distribution of the estate of a deceased person, or for the partition among the heirs, or for the sale for the payment of his debts, of property descended from or devised by him, must be brought in the county in which his personal representative was qualified.'' It is insisted for appellant that the venue of this action is fixed by section 78, Civil Code, which provides: ''An action which is not required by the foregoing sections of this article to be brought in some other county may be brought in any county in which the defendant, or in which one of several defendants who may be properly joined as such in the action resides or is summoned.''

If appellant is right in this contention, it is patent that the court erred in dismissing the action. But we do not think the contention tenable. The action must be regarded as one to settle or distribute the decedent's estate. It proceeds upon the theory that the administrator has wrongfully distributed or paid out all the assets of the estate among the creditors of of the estate, except the appellant, whose demand was of equal dignity with those paid. If the relief asked is granted, it will necessitate inquiry into the administration of the estate as made by the administrator, and consequently not only involve an investigation of such settlement as he may have made with the Logan county court, but may require of him an additional settlement, after the several creditors whose claims

have been satisfied in whole or in part shall have been made, by rule, to repay in large measure what they have received. While the word "distribution" is generally used to indicate a divison among legatees, or heirs of the personal estate of a decedent, it is likewise often used as referring to the payment of the decedent's debts by the administrator. The expression "distribution among creditors" is by no means uncommon in the law books  Manifestly, the granting of the relief sought by appellant in the case at bar is a matter affecting the administration of the estate, and, this being true, there is no escape from the conclusion that only the circuit court of the county in which the administrator qualified, and the estate has been wholly or partially administered, has or can have, jurisdiction of the case. In other words, the venue of the action is determined by sections 65 and 66 of the Civil Code. Newman's Pleading & Practice, p. 23.

It therefore follows that the demurrer to the jurisdiction was properly sustained by the lower court.

Wherefore, the judgment is affirmed.