# Fleece, Admr., et al. v. Shackelford, Judge Madison Circuit Court.

(Decided October 14, 1924.)

## PETITION FOR WRIT OF PROHIBITION.

1. Prohibition—Court of Appeals has Power to Issue Prohibition when Inferior Court is Proceeding Out of Jurisdiction or where Appeal will Not Furnish Adequate Remedy.—Court of Appeals may issue writ of prohibition whenever inferior court is proceeding out of its jurisdiction, or where it has jurisdiction but appeal will not furnish an adequate remedy, or there is no other remedy, in view of Constitution, section 110.

2. Prohibition—Appeal Does Not Always Afford Adequate Remedy. —An appeal does not always afford an adequate remedy defeating resort to prohibition.

3. Prohibition—Appeal Held Not Adequate Remedy in Suit Against Administrator and Devisees.—On application for prohibition to prevent judge of circuit court in certain county from taking further action in suit against administrator and devisees of a decedent, held that an appeal would not furnish adequate remedy, and that Court of Appeals should pass upon question of jurisdiction.

4. Wills—Action Against Devisees by Creditor Several and Not Joint.—Action by creditor of testator against devisees is several and not joint, and, where heir or devisee is sued in county where he resides, other devisees or heirs residing elsewhere cannot be joined, except where property sought to be subjected is jointly owned, under Ky. Stats., sections 2084, 2089.

5. Executors and Administrators—Action Held Not Maintainable Against Representative and Devisees in County Other than that in which Representative Qualified, Resided, or was Summoned.— Action could not be brought against personal representative and devisees to recover all estate of decedent as having been obtained by fraud and undue influence and without consideration in county other than that in which representative qualified, resided or was summoned, whether venue was local or transitory, in view of Civil Code of Practice, section 66; Ky. Stats., sections 2084, 2089.

HUGH B. FLEECE, HENRY JACKSON and G. MURRAY SMITH for plaintiffs.

BURNAM & GREENLEAF for defendant.

OPINION OF THE COURT BY JUDGE McCANDLESS—Grantnig.

Mrs. Mary M. Fox and her sister, Anna D. Moore, lived together in Boyle county. Mrs. Fox died intestate in March, 1920. By her will she devised $17,000.00 in bonds to be held in trust, the income to be paid to Anna D. Moore. At the death of Anna D. Moore the trust estate was devised in specific amounts to various persons, with a residuary legatee.

The testatrix's brother-in-law, Charles C. Fox, was named as executor and trustee. He qualified as such and made a settlement as executor in 1920. However, no final distribution of the estate was had as the trust continued for the benefit of Mrs. Moore.

Charles C. Fox died testate on December 1, 1922, and Hugh B. Fleece qualified as executor under his will and also as administrator *de bonis non* with the will annexed, and trustee under the will of Mary M. Fox.

Anna D. More died intestate April 1, 1923, and Eugene Ross qualified as administrator of her estate. After her death and the cessation of the trust, Fleece proceeded with the distribution of testator's estate, and paid out to various devisees legacies aggregating approximately $16,000.00. In so doing he paid all the legatees except one to whom $4,000.00 was devised and to whom he paid only $3,000.00. There is remaining in his hands stock of the par value of $3,800.00, of which under the will $1,000.00 will go to this legatee and the balance to the residuary fund.

Pending this distribution, Eugene Ross, as administrator of Anna D. Moore, presented to Fleece, as administrator of Mary M. Fox, a verified claim, and demanded of him $17,000.00 with interest from the date of the death of Anna D. Moore, alleging that the $17,000.00 in bonds were the property of his intestate, and that the testatrix, Mrs. Mary M. Fox, had procured them from her without any consideration, and by fraud and undue influence.

Payment was refused and Ross, as administrator, on November 1, 1923, filed suit in equity in the Madison circuit court seeking to recover the amount of his claim. The administrator and all the devisees were made parties to that suit. Of these, three resided and were served in Madison county, and summons was served on the others in the various counties of their residence.

Subsequently, on the 21st of December, 1923, Fleece as administrator, &c., filed suit in equity in the Boyle cir-

cuit court and obtained an injunction in that court, requiring Ross to prosecute his action in that suit. On motion before a judge of this court that injunction was discharged on the sole ground that the suit to settle the estate was not commenced within three years after the qualification of Fox as executor and was therefore barred by the provisions of section 436 of the Civil Code.

Thereupon the various defendants to the suit in the Madison circuit court filed therein a special demurrer to the jurisdiction of that court, which was overruled and exceptions taken. Since then the defendants in that suit filed in this court a petition, setting out the above matters together with a transcript of the various proceedings, alleging that the Madison circuit court has no jurisdiction of the subject of that action and praying for a writ of prohibition against the Hon. W. R. Shackelford, as judge of the Madison circuit court, prohibiting him from taking any further action in that suit. The issues have been completed by a response.

We are met at the threshhold by the inquiry, will this court, under the circumstances, entertain the petition?

In Board of Prison Commissioners v. Crumbaugh, 161 Ky. 540, it is said:

"Under section 110 of the Constitution this court has power to issue such writs as may be necessary to give it a general control of inferior jurisdictions, and it is well settled that a writ of prohibition may issue in a case like this whenever the inferior court is proceeding out of its jurisdiction, or where it has jurisdiction, but an appeal will not furnish an adequate remedy or there is no other remedy."

In a review of all the authorities the rule was thus stated in Ohio River Contract Co. v. Gordon, 170 Ky. 412:

"In no instance has a writ of prohibition been allowed against a court proceeding out of its jurisdiction or erroneously within its jurisdiction when any other adequate remedy for the threatened wrong existed, which was adequate. If the right of appeal exists and it is an adequate remedy, the complaining party must be relegated to his remedy through appeal. A review of all the cases decided by this court upon application for writs of prohibition under section 110, *supra*, sustains the view that the writ is granted as a matter of sound discretion, determined

by the facts of the particular case, which must present an exceptional or unusual state of facts, which make it apparent that an injury or violation of one's rights is threatened, and against the results of which he has no adequate remedy, other than the writ of prohibition.''

Here, if the venue is properly laid, the lower court has jurisdiction; also that court is empowered to pass on the question of venue. Further, there may be an appeal to this court from a final judgment in the case; hence, if such appeal affords an adequate remedy, the writ should be denied without considering the petition on its merits. An appeal, however, does not always afford an adequate remedy.

Rush, &c. v. Denhardt, 138 Ky. 238, was a proceeding to annul a liquor license. On a motion to require the county judge to vacate the bench, affidavits were filed, which, if true, showed that he had prejudged the case before hearing the evidence. In that character of case the losing party had an appeal to the circuit court, but inasmuch as the order of revocation in the county court would suspend the license during the pendency of the appeal, the court held that the petitioner was entitled to a fair and impartial hearing in the county court, and that an appeal would not be an adequate remedy and granted the writ.

To the same effect are Hargis v. Parker, 85 S. W. 705, and Hindman v. Toney, 107 Ky. 426. However, in those cases it appeared that something more was apprehended than mere delay and expense incident to the appeal. Here there is no disputed question of fact, and the respondent has exercised his right to pass upon the question of venue as a matter of law and in overruling the demurrer has determined it in favor of his jurisdiction. This ruling cannot be reviewed on appeal until a final disposition of the case; hence, if he has committed an error in that ruling it will require a long and expensive suit and the costs of appeal to this court on the main issues, to obtain a final decision on that question, during which time the suit in the Boyle circuit court will be in abeyance, and if the plaintiff in the lower court should recover and on final appeal the case should be reversed on the questions here involved, the case could be but again begun in the proper tribunal.

We would not be understood as laying down the rule that mere delay and expense incident to an appeal are sufficient grounds of inadequacy of remedy to authorize the writ; but in view of all the circumstances of this case and the fact that all the parties unite in the desire that this court now pass upon the principal question, we have with some hesitation decided to do so.

Section 66 of the Civil Code requires a suit for the distribution of an estate to be brought in the county in which the personal representative qualifies, and it is urged by plaintiff that the suit in the Madison circuit court is in effect a suit to distribute the estate of Mary M. Fox, and if successful it will require a redistribution of that estate, and Dinning v. Conn's Admr., 124 Ky. 623, is relied on.

In that case the administrator had qualified in Logan county. The plaintiff had recovered a judgment against the estate in the federal court, and was seeking to enforce that judgment against the administrator in the Jefferson circuit court. He alleged that the administrator had wrongfully overpaid certain creditors, and asked that they be required to refund to the administrator the sums so overpaid, as required by section 3877, Kentucky Statutes. The court held that to do so would open up the settlement and require a redistribution, and that the venue for such action by virtue of section 66, *supra,* was in the Logan circuit court.

It may be said that that case is not analogous to this, as it was in effect a suit to surcharge a settlement, which is not attempted in this case.

On the other hand, it is argued that this is a straight suit against the devisees and administrator for a tort; that no wrong is charged against the administrator, and that if a judgment is recovered against him it will only be to the extent of the assets in his hands, and therefore no additional settlement will be required of him. That in the event a judgment is rendered against him to the extent of the assets in his hands, he can file a satisfaction of the judgment as easily as he could a receipt from the residuary legatee in the distribution of the trust estate, and, therefore, this action is transitory; and by the provisions of section 2085, Kentucky Statutes, the plaintiff is authorized to bring a direct action against the devisee residing in Madison county, and to join the other parties defendant in such action.

Unquestionably this is a direct action under article 3, chapter 64 of the Kentucky Statutes, which consists of sections 2084 to 2089, inclusive.

By section 2084 a devisee is made liable just as the heir for the debts of the testator. By section 2088 this liability is extended to the representative of the heir or devisee. By section 2089 the specific property received by the heir or devisee can be reached by a suit in equity, and by section 2087 a remedy is given when such property has been alienated.

Section 2084 was brought over from the act of 1792, and the other provisions, *supra,* were enacted at various times since, but all of them contemplate a direct action against the heir or devisee, and the liability of each heir or devisee is restricted to the assets received by him. The action is therefore several and not joint, and where an heir or devisee is sued in the county where he resides, the other devisees or heirs residing elsewhere cannot be joined and sued in a county in which they do not reside, and are not summoned; indeed, it is doubtful if two residing in the same county may be so joined, except under section 2089, where the property sought to be subjected is jointly owned; nor is there any authority to join the personal representative with any of them. If the law had remained thus, a creditor whose claim was larger than the amount received by any of the heirs or devisees would have to bring a number of actions to secure full relief, and those from whom he recovered would be required to bring still other actions against the remaining heirs and devisees for contribution.

Independent of these provisions, an action could be maintained against the personal representative of the decedent, but it lay against him alone; and if the law went no further than the provisions cited, *supra,* there could be no unity of action.

No doubt section 2085 was enacted to remedy this defect, and to provide for a settlement of the whole matter in one suit. It has been brought down without change from the act of 1792, and is in these words:

> "The same actions which lie against the personal representative may be brought jointly against him and the heir or devisee of the decedent, or both, and shall not be delayed for the nonage of any of the parties."

The phraseology of this statute is unusual, and merits serious consideration. The provision is restricted to "actions which lie against the personal representative." Hence, the statute applies only where he is primarily liable, and for which he alone would be liable, except for the statute. In such actions the heir or devisee, or both, may be joined with him in the suit, and when this is done full contribution can be had and the rights of all parties adjudicated and settled, and thus a muntiplicity of actions avoided. But no new forum is created and no additional remedy given as against the personal representative. As to him it must be the same action, the venue of which is determined by his status as regulated by the Code. Under some circumstances we have held that in a transitory action the personal representative may be sued in a county other than the one in which he was qualified. Worthington's Exors. v. Ware, 24 Rep. 431; Forsee v. Forsee, 144 Ky. 169. But if it should be conceded that this is that character of an action, still as the joint action can only be maintained in an action that lies against the personal representative, it follows that the suit would have to be brought in the county in which he resides or is summoned, and the joinder could accompany this. Indeed, from what has been said above we hardly think the actions provided for in section 2085 fall within the category of transitory actions.

True, they are not, strictly speaking, suits for the settlement of estates, nor for a distribution, but they bear a striking analogy thereto, and it may well be argued that on the question of venue they should fall within that classification.

In this case it is not necessary to so decide, as the administrator was not sued either in the county in which he resided, was qualified or was summoned, and whether the venue is held to be local or transitory, the Madison circuit court acquired no jurisdiction of him or of any of the devisees residing out of Madison county, and it seems that they are entitled to the relief sought in this petition.

Wherefore, the respondent, Shackelford, is enjoined and restrained from proceeding further in this action against any and all the petitioners herein, except those that reside in Madison county.

Whole court sitting.