## Britton v. Davis et al.

(Decided March 23, 1937.)

B. J. BETHURUM and BIRD & BIRD for appellant.
WILLIAMS & DENNEY for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Jennie Morrow Britton brought this action in the Rockcastle circuit court against S. W. Davis individually, and S. W. Davis, executor of Julia Davis, deceased, to recover her share of the estate of Julia E. Davis. The facts relied on for recovery are: Julia E. Davis, aunt of plaintiff, died testate in Breckinridge county in the month of January, 1933. By her will which was duly probated in the Breckinridge county court, she devised to plaintiff the sum of $4,000 in cash, and all the jewelry belonging to the testatrix. The defendant, S. W. Davis, was appointed and qualified as executor of the will. At the time of her death, testatrix was seized of considerable money and other valuable personal property, including insurance policies of the value of $6,500. Said money and personal property materially exceeded the bequest to plaintiff hereinbefore mentioned. The defendant has been executor for more than two years, but has failed to pay her the bequest of $4,000, or to turn over to her the jewelry bequeathed. The petition concluded with a prayer for judgment against S. W. Davis individually, and as executor. Process was issued to the sheriff of Breckinridge county and served on S. W. Davis individually and as executor. On September 3, 1935, Davis appeared and moved that the plaintiff be required to elect whether she would prosecute the action against him individually or as executor of the will of Julia Davis. On September 10, 1935, Davis filed a special demurrer for improper joinder. On September 16, 1935, Davis entered a special appearance for the purpose of challeng-

ing the jurisdiction of the court and quashing the return on the process. On September 25, 1935, plaintiff filed an amended petition, the allegations of which are not material to this controversy. The motion to elect. was sustained, and the same motion was renewed after the filing of the amended petition. On January 14,. 1936, Davis filed an affidavit, together with a statement of his attorneys, requesting an order for the personal attendance of certain witnesses, and the order was. granted. At first the court overruled the special demurrer to the jurisdiction of the court. Thereupon a second motion to elect was sustained, and plaintiff elected. to prosecute the action against S. W. Davis as executor. Thereupon S. W. Davis as executor appeared specially for the sole purpose of pleading to the jurisdiction of the court, and set forth the following facts: The letters of administration were issued to the defendant in Breckinridge county. Julia Davis lived in that county at the time of her death, and her will was duly probated. in that county. The defendant lived in Breckinridge county at the time of the institution of this action and. now lives in said county, and was served with summons. in said county and not in Rockcastle county. He further moved the court to quash the return of the process. which was served on him in Rockcastle county. Davis as executor also filed a special demurrer to the petition. The special demurrer and plea to the jurisdiction of the court were both sustained on the ground that the court had no jurisdiction, and the petition was dismissed. Plaintiff appeals.

Relying upon the rule that an appearance for any purpose other than to object to the sufficiency of the service of summons constitutes a general appearance,. Johnson v. Holt's Adm'r, 235 Ky. 518, 31 S. W. (2d) 895, and Dean v. Brown, 261 Ky. 593, 88 S. W. (2d) 298, appellant insists that appellee, by moving to elect, and filing a special demurrer solely on the ground of misjoinder, submitted himself to the jurisdiction of the court for all purposes, and could not thereafter insist that the court had no jurisdiction. The rule may be; conceded, but the question is, Does it apply to this kind. of an action? It is true that venue and jurisdiction are not the same. Venue is the county in which the action may or must be brought, while jurisdiction is the power to hear and determine the cause. In actions of a trans-

itory character, or that are localized purely for the convenience of the defendants, it is the rule that venue is not controlling, and that jurisdiction may be waived; but there are certain classes of actions that are so localized with respect to their subject matter that only the court of a particular county has jurisdiction. For example, actions for the recovery, partition, or sale of real property must be brought in the county in which the subject of the action, or some part thereof, is situated. Section 62, subsecs. 1, 2, and 3, Civ. Code Prac. In view of the Code provisions it is held that the circuit court of one county has no jurisdiction to enforce a lien on land in another county. Webb v. Wright, 2 Bush, 126; Stofer v. U. S. Building & Loan Ass'n's Assignee, 106 Ky. 94, 49 S. W. 1075, 20 Ky. Law Rep. 1720; Shields v. Yellman, 100 Ky. 655, 39 S. W. 30, 18 Ky. Law Rep. 1092. Another example is an action to settle the estate of a deceased person, or of a person, corporation, or company assigned for the benefit of creditors which must be brought in the county in which such personal representative, assignee, or receiver qualified. Civ. Code Prac. sec. 65. Of like character is an action for the distribution, partition, or sale of a decedent's estate. Thus it is provided that an action for the distribution of the estate of a deceased person, or for its partition among his heirs, or for the sale for payment of his debts of property descended from or devised by him, must be brought in the county in which his personal representative was qualified. Civ. Code Prac. sec. 66. The purpose of this section is clear. In the very nature of things it would not do for several courts to have jurisdiction of such an action. The result would be not only to harass the personal representative, but to subject the estate to unnecessary expense and cost. We are therefore constrained to hold that, only the court of the county in which the personal representative was qualified has jurisdiction of an action for the distribution or partition of the estate of a deceased person. Dinning v. Conn's Adm'r, 124 Ky. 623, 99 S. W. 914, 30 Ky. Law Rep. 855; Fleece v. Shackelford, 204 Ky. 841, 265 S. W. 460. Here appellant elected to proceed against appellee as executor. The suit is to recover her share of the estate, and is necessarily a suit for the distribution of the estate. It follows that only the Breckinridge circuit court had jurisdiction of the subject matter of the action, and that the

steps taken by appellee before challenging the jurisdiction of the court did not waive the question of jurisdiction. Commonwealth v. Adkins, 169 Ky. 487, 184 S. W. 372; Rice v. Kelly, 226 Ky. 347, 10 S. W. (2d) 1112.

Judgment affirmed.