## Bates et al. v. Hinds et al.

Feb. 8, 1944.

W. C. Hamilton and Joe Tackett for appellants.

Reid Prewitt for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

The action was instituted by appellees against appellants, to quiet their title to certain lands in Montgomery County, and for an injunction prohibiting appellants from going upon and removing any timber from the property. The Chancellor entered judgment for appellees, granting the full relief prayed.

The record is so confused that it is impossible to ascertain, or even reasonably surmise, the amount of acreage involved. The brief for appellants contains many assertions amounting to mere conclusions, but at no place refers to the pages of the record relied upon in support of the assertions. The argument contained in the brief does not exhibit a clear statement of the issues of fact, or refer to the pages in support of appellants' contentions in respect thereto. The brief, therefore, does not comply with Section 2 of Rule V of this Court, for which reason it is stricken from the record. On the other hand, the brief for appellees does point to some evidence supporting the Chancellor's finding that they

have acquired title to some property in Montgomery County by adverse possession. The record and the brief for appellants leave our minds in confusion, but do not raise a doubt concerning the correctness of the decision of the Chancellor. We will not search the record in an endeavor to find reversible errors. Appellants' brief merely amounts to an invitation to us to read the record, and, on our own initiative, discover possible errors. As said in Hamilton v. Commonwealth, 230 Ky. 207, 18 S. W. (2d) 995, 997: "We usually decline such invitations. * * * By subdivision 2 of rule 5 of this court, it is required that briefs shall refer to the page or pages where the matter complained of may be found, and when that is not done, there is perhaps no better way to induce attorneys to observe these rules than to disregard the matters not so pointed out."

The judgment is affirmed.