## Day v. Knuckles et al.

March 24, 1944.

M. C. Begley and S. M. Ward for appellant.

E. B. Wilson, Chas. I. Dawson, Woodward, Dawson & Hobson and Cleon K. Calvert for appellee.

F. T. Wheeler, G. T. Howard, C. D. Carpenter and W. L. Hammond amici curiae

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Reversing.

The appeal is from a judgment on a branch of a case styled Knuckles v. Howard filed in the Bell Circuit Court, seeking a settlement of the estate of Jacob Howard, who died, intestate, a citizen and resident of Bell County in the year 1932. The deceased did not have sufficient personal property to satisfy his debts, rendering it necessary to subject his real property to their payment. A portion of the real estate was sold by order of the Court, after which sale it was discovered that there would not be sufficient real estate when added to the personalty to pay the debts. After the sale of some of the real estate, the appellees, who are creditors of the estate and who originally filed the action to settle

the estate, discovered that appellant, H. T. Day, claimed a number of tracts overlapping those claimed by Howard at the time of his death, and that Day had entered upon the disputed tracts and cut the merchantable timber therefrom. Appellees then amended their petition making Day a party defendant, and asking recovery of him in the sum of Three Thousand Dollars ($3,000) for the timber he had cut from the land in dispute. Day traced his title to a patent issued to E. C. Morgan for eighty-seven thousand (87,000) acres, based upon a Perry County warrant and survey in the year 1873. It is conceded that the Morgan patent embraces the land in controversy, and it is likewise conceded that the land in controversy is in Harlan instead of Perry County. Appellees traced the title of Howard to a patent issued to one Lockhart, which admittedly embraces the land in dispute. It is likewise admitted that the Morgan patent is senior to the Lockhart patent. It is contended that the Morgan patent is void, in so far as it purports to grant the property situate outside of Perry County under whose warrant the grant was made. This contention is countered by the argument that, under the provisions of KRS 56.190, the Lockhart patent is void, even though it be determined that the Morgan patent in respect to the lands here involved is likewise void.

The Chancellor held the senior patent void because granted in pursuance of a warrant issued by the authority of a county other than that in which the property lay; but held the junior patent to be valid, thus treating the senior patent, by reason of the fact that it is void, as one which had not been laid upon the land in the first instance.

At the outset, we are faced with the contention that the Bell Circuit Court did not have jurisdiction of a suit for injury to real estate owned by the decedent at the time of his death, situate outside the county wherein the personal representative qualified. Previous to the year 1898, this Court held that, in an action to settle the estate of a deceased person brought in the county in which the personal representative was qualified, the court had jurisdiction to decree the sale of land lying in other counties. Webb v. Wright, 65 Ky. 126, 2 Bush 126; Fishback v. Green, 87 Ky. 107, 7 S. W. 881, 9 Ky. Law Rep. 959. This ruling was made, despite the fact that Section 62 of the Civil Code of Practice provided, as

it still does, that actions for the recovery, partition, or sale of, or injury to, real property must be brought in the county in which it, or some part thereof, is situated. The reasoning underlying these decisions was that the real subject of the action was the settlement of the estate, and the proceeding in rem was merely incidental thereto.

The General Assembly of 1898 amended Section 65 of the Civil Code of Practice. The section, as amended and now in effect, reads:

"An action to settle the estate of a deceased person, of a person, corporation or company assigned for the benefit of creditors of any estate in the hands of a receiver of court must be brought in the county in which such personal representative, assignee or receiver qualified, and for the purpose of a settlement of such estates, such personal representative, assignee or receiver, shall have the same power to sue as had the deceased person, the assignor, or owner of the estate in such receiver's hands, but any action brought by such personal representative, assignee or receiver, for the recovery of or sale of under a mortgage, deed of trust or other lien, or charges upon, or injury to real estate or an estate or interest therein, must be brought in the county in which such real estate is situated, and not elsewhere, and that in any suit heretofore brought and which is now pending in any county in this State, for the settlement of the estate of a deceased person, or of a person, corporation or company assigned for the benefit of creditors, and in which the enforcement of mortgaged liens, or other liens, upon real estate, or for the recovery of real estate or an interest therein, the judge of said court in which such action is pending, shall by proper orders transfer, for hearing and trial, that part of the record necessary for the enforcement of such liens or the recovery of such real estate to the circuit court of the county in which such land or a part thereof is situated, and such shall be docketed and stand for trial in the court to which same is transferred under this act, as other causes of like nature, as if originally brought in such court."

While we have held in numerous cases that where jurisdiction has attached for one purpose, all questions pertinent to the issues involved between the parties may be determined in that suit, the rule is not applicable to actions for injury to real estate since the amendment, supra, became effective, because of the specific excep-

tion in the amendment denying jurisdiction in that character of case. Taylor v. Harris' Adm'r et al., 164 Ky. 654, 176 S. W. 168, and Hamilton's Adm'r v. Riney, 140 Ky. 476, 131 S. W. 287, are not inconsistent with this decision because the actions involved in those cases did not arise out of injury to real estate. In White v. Harbeson, 169 Ky. 224, 183 S. W. 475, L. R. A. 1916D, 1129, the Court pointed to decisions rendered previous to the amendment of 1898, holding that the court of the county in which the personal representative qualified had jurisdiction of an action for injury to real estate, where it first acquired jurisdiction for the settlement of the estate. But the specific question did not arise in that case, and the language therein approving the former decisions was mere dictum. In many cases we have held that matters not ordinarily connected with the subject of an action in equity nevertheless may be so incident thereto as to make their determination in such action necessary to the granting of the main relief sought, even though the venue of an independent action as to such incidental matters be fixed by another provision of the Code. But none of those cases dealt with a situation where the matter incidental to the primary subject of the suit was specifically excluded from the jurisdiction of the court having venue of the primary subject of the action. From the effective date of the amendment of 1898, Section 65, which gives the county in which the personal representative qualifies venue of actions instituted to settle estates, has excluded from such jurisdiction actions for injury to real estate. The section specifically states that they shall not be brought elsewhere than in the county where the property is located. The effect of the amendment is to deny to the courts power to extend the rule above recited to an action growing out of injuries to real estate, although such action may be incident to the settlement of an estate. Therefore, we are of the opinion that the Court erred in not sustaining appellant's plea to the jurisdiction contained in his answer to the amended petition.

Since the case must be reversed on the question of jurisdiction, it would be improper for us to indicate our opinion concerning the merits of the case. However, we call attention to the fact that KRS 56.190, which must be construed in considering the case on its merits, has been amended by the General Assembly of 1944. House

Bill No. 135, Chapter——, the Acts of the General Assembly of 1944. The amendment purports retroactive effect.

The judgment is reversed, with directions to the lower Court to sustain the plea to the jurisdiction.

Whole Court sitting.