## Knuckles et al. v. Day.

December 3, 1946.

Cleon K. Calvert, W. L. Hammond and E. B. Wilson for appellants.

S. M. Ward for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

Since we concur in the opinion of the Special Judge to whom this action was submitted, we will adopt it as the opinion of this Court:

"The order and judgment of the court in the above styled action is based upon the following interpretation of the applicable procedure and law, and this memorandum opinion is hereby made a part of the record without being spread upon the order book by the Clerk of this court.

"This suit was originally brought by creditors of Berry O. Howard to subject certain royalty to satisfaction of debts; the debtor and the creditors were residents

of Bell County; it was determined before the consummation of the action that certain land claimed by the Howard estate did lie entirely within Leslie County and that defendant Day was asserting claims to the Leslie County land and had entered thereupon and cut and sold timber therefrom; that Day was brought into the Bell County suit upon an amended petition wherein damages were sought for benefit of the creditors for the alleged wrongful cutting of said timber; that Day entered a special demurrer to the jurisdiction of the Bell Circuit Court, which demurrer was overruled, and after answer filed, proof was had upon the question of ownership of the disputed land and the extent of the timber taken; that from adverse decision upon both the demurrer and the merits Day appealed to the Court of Appeals of Kentucky, which appeal resulted in a reversal of the Bell Circuit Court with directions 'that the lower court sustain the plea to the jurisdiction.' Day v. Knuckles et al., 297 Ky. 157, 179 S. W. 2d 220.

"Upon the return of the case to the Bell Circuit Court and the filing of the mandate therein, the plaintiff interposed a motion that 'the action in so far as it pertains to the controversy between the plaintiffs and H. T. Day is concerned, be transferred to the Leslie Circuit Court pursuant to the provisions of the civil code.' This motion was sustained and the clerk of the Bell Circuit Court was directed to and did transfer the record to the Leslie Circuit Court, and the case was entered upon the docket of said court. The case was set for trial on the 11th day of the regular August term, being August 30th, 1946, and proper orders having been made and entered disqualifying the regular Judge, the Hon. S. M. Ward (counsel for defendant Day), and appointing and commissioning of A. Joe Asher, Special Judge herein.

"The order of transfer herein by the Bell Circuit Court seems predicated upon the provisions of Section 65, Civil Code of Practice as amended in 1898, and the plaintiff contends that such order was valid and proper under such code provision. In support of such position the cases of the instant one as decided by the Court of Appeals, supra, and that of Fourseam Block Collieries Co. v. John P. Gorman Coal Co. et al., 259 Ky. 132, 82 S. W. 2d 223, are cited.

"The defendant contends that said Section 65 as amended does not authorize such transfer as herein attempted, and that this court does not have jurisdiction, hence the motion to dismiss and strike same from the docket.

"There does not appear of record to have been any effort to cause summons to issue upon this transfer; no additional pleadings have been filed since the transfer other than defendant's motion to dismiss and to strike from the docket of this court.

"Section 65 (as amended 1898) of the Civil Code of Practice provides in part: 'Actions * * * or charges upon, or injury to real estate or an estate or interest therein, must be brought in the county in which such real estate is situated, and not elsewhere, and that in any suit heretofore brought and which is now pending * * * the judge of said court * * * shall by proper orders transfer * * *.'

"The Court of Appeals in the instant case, supra, did not authorize a transfer, nor does the court in the Fourseam Block Collieries case authorize a transfer. Able counsel for plaintiffs contends that the terms 'venue' and 'jurisdiction' were erroneously used in the opinion of the instant case, supra, and that the Leslie Circuit Court is not only a court of proper jurisdiction but that the venue is properly laid herein. However, the question presented to this court is not one of technical 'venue' or 'jurisdiction', but addresses itself to the propriety of the method of institution of this action in the Leslie Circuit Court.

"Bouvier's Law Dictionary, Vol. 2, Rawle's 3d Rev., p. 2041: 'Local action—All local actions must be brought in the county where the cause of action arose: * * * all actions are local which seek the recovery of real property; * * * or damages for injury to such property; * * *.'

"Section 13, Civil Code of Practice, formerly provided for transfer from one court to another in the same county, but this section is now obsolete.

"Civil Code section 210 provides for transfer of actions from one court to another in cases of attachments executed upon the same property.

462

"In the original action in Bell County no attachments were involved, and that court did not have jurisdiction of the defendant nor of the subject matter. (Day v. Knuckles, supra).

"This court, after an exhaustive study, has been unable to find any Code, Statutory, or case authority for the order of transfer by the Bell Circuit Court of this action to the Leslie Circuit Court for trial upon the record and pleadings made in the Bell Circuit Court. An action cannot be brought by transfer from one court to another (such courts being in different counties), and Section 65 of the Civil Code of Practice (as amended 1898) does not purport to grant such authority; at most, such provision extended only to such cases instituted prior to effective date of that amendment and then pending.

"Of course the Leslie Circuit Court has jurisdiction of defendant and of the disputed land but it does not have before it at this time a properly instituted action and therefore the motion to strike the entire record in the above styled cause must be and is sustained."

Judgment affirmed.