Frances K. HELTON, Appellant,

v.

H. T. DAY, Appellee.

Court of Appeals of Kentucky.

June 8, 1956.

Cleon K. Calvert, Pineville, C. W. Hoskins, Hyden, for appellant.

S. M. Ward, Don A. Ward, Hazard, A. E. Cornett, Hyden, for appellee.

James Sampson, Harlan, amicus curiae, for appellee.

SIMS, Judge.

The single question upon this appeal is, whether appellee, H. T. Day, had acquired vested rights in lands which were impaired by the 1944 amendment to KRS 56.190, thereby making the amendment unconstitutional insofar as it was retroactive. The trial judge held Day had acquired vested rights in certain lands prior to the amendment and the retroactive feature in the application thereof impaired such rights, hence it was unconstitutional. Helton appealed.

The General Assembly of 1944 amended KRS 56.190 by adding the italicized words shown here to subsection 2 thereof. The statute as thus amended reads:

"(1) Only vacant lands may be appropriated under KRS 56.200 to 56.240. Land that has been escheated to the state, or has been forfeited for failure to list it for taxation, or for nonpayment of taxes, or has been legally and validly patented before, is not vacant land.

"(2) Every entry, survey or patent is void in so far as it embraces land previously entered, surveyed or patented, *unless the previous entry, survey or patent itself is void, in which case the first subsequent lawful entry, survey or patent, whether issued before, on or (after) June 13, 1944, shall be valid, and be accorded the same force and effect it would have been entitled to have been accorded, had the void entry, survey or patent never been issued (1944 C. 94)."*

The facts from which this litigation stems appear in Day v. Knuckles, 297 Ky. 157, 179 S.W.2d 220, and will not be repeated here in full. It will be noted the original action was brought in the Bell Circuit Court to sell lands in Bell County and Day deraigned his title from the Morgan patent of 87,000 acres. This Morgan patent was based upon a Perry County warrant and covered lands in Harlan County, for which reason the chancellor held it to be void. Knuckles deraigned his title through the Lockhard patent, which

admittedly embraced lands covered by the senior Morgan patent, and the chancellor held Knuckles' title superior to Day's even though Knuckles held under the junior patent, since the chancellor treated the senior patent as one that had not been laid upon the lands in the first instance.

In an opinion of June 22, 1943, this court reversed that judgment and held KRS 56.-190 made the junior patent covering the lands embraced in the senior Morgan patent void, even though the senior patent itself was void, because lands once patented shall not be subject to appropriation under the statute. A petition for rehearing was sustained March 24, 1944, wherein this court said the Bell Circuit Court had no jurisdiction over land in another county and directed the petition be dismissed, and the merits of the case were not decided. Of course, the opinion of June 22, 1943, was never published.

While the case was pending in this court the General Assembly amended KRS 56.190 as quoted in the second paragraph herein, by exempting a junior patent from being void if the senior patent was itself void.

On September 8, 1951, Frances Helton, who deraigned title through the junior Lockhard patent, filed the instant action in the Leslie Circuit Court against H. T. Day to quiet her title against his claim under the senior Morgan patent. On a pre-trial conference the special judge held the amendment of KRS 56.190 was unconstitutional insofar as it was retroactive, because it impaired the vested right Day had acquired under his senior patent. As there was nothing to try he dismissed the petition.

On this appeal both sides attribute much importance to the fact this amendment was enacted while the appeal from the Bell Circuit Court was pending in this court. Appellant insists the amendment was enacted for the public good and did not impair private vested rights and is constitutional, relying upon State Highway Commission v. Mitchell, 241 Ky. 553, 44 S.W.2d 533. Appellee contends the amend-

ment merely served a private end and was an attempt by the General Assembly to destroy rights of parties litigant which had vested before the legislative enactment, therefore it was unconstitutional, citing Gaines v. Gaines' Ex'r, 9 B.Mon. 295, 48 Ky. 295, 48 Am.Dec. 425, and the cases which followed it. Inasmuch as the Bell Circuit Court had no jurisdiction of the litigation pending at the time of the legislative enactment, neither line of these authorities is applicable here.

We repeat the question before us is, whether Day had acquired under KRS 56.-190, vested rights in lands he claimed through the Morgan patent, which the 1944 amendment to that statute would take away from him if it be given retroactive effect. We disagree with the learned trial judge that the 1944 amendment to KRS 56.190(2) affected this litigation which was pending at the time the amendment was enacted, since the Bell Circuit Court had no jurisdiction over the subject matter of the suit. Furthermore, we conclude that the amendment plays no part in this litigation for the reason hereinafter set out.

Day's title comes through a Morgan patent issued in July, 1872, which was based on a survey made on warrants issued by the Perry County Court. However, it is admitted that a portion of this patent called for lands in Harlan County, therefore it is argued this fact makes the Morgan patent void as to the Harlan County lands. Frances Helton deraigns title through a Lockhard patent issued in November, 1873, which was based on a survey made pursuant to warrants issued by the Harlan County Court calling for lands lying solely in Harlan County.

The question confronting us is whether the senior Morgan patent is void as to the Harlan County lands; if so, does the junior Lockhard patent covering the Harlan County lands take precedence over the void part of the senior Morgan patent?

In the early days of our Commonwealth vacant lands were appropriated by military grants, which were succeeded by treasury warrants wherein the power of appropriation was exercised in the state at large covering lands anywhere in the State. In 1835, the General Assembly enacted what was known as "The County Court Order Act," section 1 of which vested all vacant lands in the Commonwealth east and north of the Tennessee River in the respective county courts of the county "in which any of said lands may lie." Section 4, after providing that no appropriation under this Act should interfere with lands already settled or appropriated according to law, contains this provision: " * * * and any survey or patent made or issued under this act, which interferes with any survey or patent heretofore made or issued shall be null and void; all laws coming within the purview of this act, are hereby repealed." See Acts 1834–35, Chapter 875, p. 259.

This 1835 Act was brought into Stanton's Revised Statutes of 1860, Chapter 102, p. 430, section 1 of which gave each county of the Commonwealth power to dispose of all vacant lands lying within the county. Section 8 provides: "None but vacant land shall be subject to appropriation under this chapter. Every entry, survey, or patent, made or issued under this chapter, shall be void so far as it embraces lands previously entered, surveyed, or patented." Section 11 provides: "No land shall be subject to appropriation under this chapter * * * which has been once patented, and the title of same has in any way become again vested in the commonwealth," Sections 1, 8 and 11 of this 1835 Act were carried into the various editions of the Statutes of the Commonwealth and appear in Kentucky Statutes as §§ 4702, 4704, and were brought into the Kentucky Revised Statutes respectively as §§ 56.210 and 56.-190, the latter section being amended by the General Assembly in 1944, as shown at the outset of this opinion.

The first case in which this court construed this 1835 Act is Hart v. Rogers, 9 B.Mon. 418, 48 Ky. 418, decided in 1849, where it was written that the right and power conferred upon the various county courts by the Act "are strictly local or territorial, and that under these statutes no right can be derived either from a County

Court or a County Treasury, to land not lying within their own county." Later in that opinion it was said that a patent issued by a county court for lands lying outside the county "being without the sanction of any law was utterly illegal." McGuire v. Kirk, 26 S.W. 585, 16 Ky.Law Rep. 87, decided in 1894, cited Hart v. Rogers, and held that a patent based on warrants issued by Floyd County was void as to lands embraced in either Johnson or Lawrence counties "and conferred no title on the patentee."

In McClendon v. Thompkins, 150 Ky. 301, 150 S.W. 337, the question was whether parol evidence could be introduced to show that land covered by a patent based on a warrant issued by the Russell County Court was actually located in Pulaski County. It was there held that as Russell County issued warrants for land located in Pulaski County, the patent issued thereon covering lands in Pulaski County was in contravention of the Act of 1835, which made the patent void, therefore the patent could be attacked in a collateral proceeding and by parol evidence. The McClendon opinion cited Hart v. Rogers and McGuire v. Kirk and said the question was closed in this jurisdiction that a patent based upon a warrant issued by a county covering lands in another county is void.

Thus the Act of 1835 as construed in the cases to which we have just referred makes the senior Morgan patent based on Perry County warrants void insofar as this patent covered lands in Harlan County.

The Morgan patent, being based on Perry County warrants, never appropriated any lands in Harlan County, which fact gave the Lockhard patent precedence over the Morgan patent as to the Harlan County lands. Such has been the law in this jurisdiction since the passage of the 1835 Act, or at least since Hart v. Rogers was decided in 1849, construing that Act, and the 1944 amendment to KRS 56.190(2) does not affect Day's title to the Harlan County land claimed under the Morgan patent, since the Morgan patent never vested any interest in anybody in the Harlan County lands.

Appellee, Day, rests his case on Stoffler v. Edgewater Coal Co., 198 Ky. 523, 249 S.W. 753; Kirk v. Williamson, 82 Ky. 161, 6 Ky.Law.Rep. 108; Roberts v. Davidson, 82 Ky. 279, 7 Ky.Law.Rep. 262, and Goosling v. Smith, 90 Ky. 157, 13 S.W. 437, which are cited and copiously quoted from in the Stoffler opinion. An examination of these authorities. shows they deal with §§ 8 and 11 of Chapter 102 of Revised Statutes of 1866, which appear as these same sections in Stanton's Revised Statutes of 1860 and none of these authorities deal with § 1 of Chapter 102 of Stanton's Revised Statutes, which vests in each county of the Commonwealth authority to dispose of vacant and unappropriated lands lying therein. It will be noted that while the patents in those cases are referred to as "void," such patents were not actually void but only voidable. It would appear that some loose language was used in those opinions in that no distinction was made between "void" and "voidable." As we construe the Stoffler opinion, and the authorities cited and discussed therein, it holds that lands once "lawfully patented" as said in Kirk v. Williamson, cannot be again patented as vacant lands. Of course, a patent which is void is not a lawful patent. Certainly, a patent issued on warrants of one county which attempts to cover lands in an adjacent county does not appropriate lands in the adjacent county and those lands stand just as if no patent had ever been issued covering them.

The Stoffler opinion, as well as the authorities cited therein, refers to irregularities and defects in descriptions as making a patent void, when such is not the law. We readily concede that although there be defects in a patent as to dates and descriptions, such defects do not make the patent void and same will not permit a junior patent to take precedence over the senior one, for as was said in Kirk v. Williamson, "that would bring confusion and contention." This is perhaps the evil the 1944 amendment to KRS 56.190(2) attempted to prevent.

We cannot see where KRS 56.190(2) as amended in 1944, has any application to the

facts presented in this record, therefore we reverse the judgment for proceedings consistent with this opinion.