# DECISIONS

OF THE

# COURT OF APPEALS OF KENTUCKY.

## SEPTEMBER TERM, 1890.

CASE 55—PETITION ORDINARY—SEPTEMBER 4, 1890.

## McDowell v. Chesapeake, Ohio and South-western Railroad Company.

### APPEAL FROM HARDIN CIRCUIT COURT.

OBJECTION TO JURISDICTION WAIVED.—A defendant by filing a general demurrer to the petition waives his right to thereafter question the jurisdiction of the court over his person.

MATT O'DOHERTY FOR APPELLANT.

The defendant, by filing a general demurrer to plaintiff's petition, entered its appearance to the action, and could not thereafter question the court's jurisdiction over its person. (Civil Code, secs. 19, 118, 309, 312; Barbour v. Newkirk, 83 Ky., 582; Barton v. Barton, 80 Ky., 214; Baker v. Railroad Company, 4 Bush, 623; Boone on Code Pleading, sec. 259; Meixwell v. Kirkpatrick, 29 Kan., 679; Burdett v. Corgan, 26 Kan., 102; Insurance Co. v. Lemke, 40 Kan., 142; Elliot v. Lawhead, 43 Ohio St., 171; Grantier v. Rosecrance, 27 Wis., 491; 84 Ala., 36.)

J. P. HOBSON AND P. H. DARBY FOR APPELLEE.

A party desiring to demur generally to the petition, and also desiring to plead to the jurisdiction of the court over him, the facts not appear-

McDowell v. Chesapeake, Ohio and Southwestern Railroad Company.

ing on the face of the petition, must first file his demurrer, and after that is acted on make his objections to the jurisdiction when he answers. Therefore, appellee, by filing a general demurrer to the petition, did not waive its right to object to the jurisdiction. (Civil Code, secs. 91, 92, 93, 113, 118; Pomeroy on Remedies and Remedial Rights, secs. 697, 698; Newman on Pleading and Practice, 492; Baker v. L. & N. R. Co., 4 Bush, 619.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

This case is here for the second time. The court below sustained a general demurrer to the petition, holding that the facts alleged did not authorize a recovery. On the appeal the judgment below was reversed, and remanded for a trial on the merits. When called for trial the defendant filed an answer, alleging a want of jurisdiction over the person of the defendant, and on the hearing the action was dismissed on that ground.

The only question we deem necessary to consider on this appeal is, has the defendant below, by filing its general demurrer and having a decision on the merits, waived its right to raise the question as to the jurisdiction of the court?

The record shows that on the first hearing the appellee (defendant) filed a special and general demurrer, the first raising the question as to the jurisdiction and the second denying the right of recovery upon the facts alleged. The court overruled the demurrer as to the jurisdiction, sustained the general demurrer, and dismissed the action from which the first appeal was taken. No question was raised in this court as to the jurisdiction of the lower court over the person of the defendant, and none could have been made, as the petition failed to disclose any fact upon which

the jurisdictional question could have been raised. The court below, therefore, properly overruled the special demurrer, and this court holding that the facts stated in the petition constituted a cause of action, a reversal was had on that ground. On the return of the case the answer of the defendant was filed, alleging a want of jurisdiction, because the defendant had been summoned in a county other than the residence of its chief officer or agent, the tort complained of having been inflicted in the county of McCracken and the action instituted in Hardin county. Those facts having been admitted, the action was dismissed.

The defendant is a common carrier, and it is insisted by the appellant (plaintiff) that under section 73, Civil Code, the circuit court of any county through which the carrier passes has jurisdiction over it for the recovery on account of a personal injury, although its chief office or place of business may be in some other county. It is not necessary to place any construction on the various sections of the Code on this subject, as it was too late to plead to the jurisdiction after a hearing on the merits.

It is true that a party may file a special and general demurrer at the same time and in the same pleading, but he will not be allowed to invoke the judgment of the court as to the sufficiency of the petition, and if the decision is adverse to him, then file an answer denying the jurisdiction over his person. The filing of the special demurrer did not secure to the defendant this right. There was nothing on the face of the petition to show any want of jurisdiction, and if there

had been, or the facts developed at the first hearing on the motion to quash the return on the summons showing a want of jurisdiction over the person, it is too late, after the case has been to this court, and no question raised by either party as to the jurisdiction, to again make the question.    It is *res adjudicata.* The case stands in this court and the court below as an action for a personal injury against the common carrier.    The defendant appears and demurs gener- ally to the petition, and after a decision by the court then offers an answer denying not that the court has jurisdiction of the subject-matter, but denying the right of the court to try the case because it was not served with a summons in the proper county.    We understand the doctrine to be well understood and settled that a party sued waives all right to question the jurisdiction of the court over him when he pleads to the merits by invoking a decision, either by a demurrer or plea, without objection to the jurisdiction.

At common law matters in abatement and in bar could not be united in the same pleading, but the Civil Code, section 113, subsection 2, has permitted as many demurrers to be filed as there may be grounds for in behalf of the pleader, but this does not mean or imply that you may first demur generally to the petition, and if the demurrer is overruled, that you may file an answer denying the right of the court to require you to plead.    A party coming into court relying on a defense that he files, which goes to the merits, or does not question the jurisdiction, will not be allowed to say, if the decision is adverse to him, that he is not bound by the ruling of the court, because he was

not properly summoned. In such a case he submits himself to the jurisdiction, and the court having jurisdiction of the matter in controversy, the judgment, if otherwise proper, will be sustained.

An appearance for the purpose of questioning the jurisdiction over the defendant is not a voluntary appearance, but where the right to the subject-matter is involved, and the jurisdiction is invoked by one asking that this right be determined, he becomes bound by the judgment. Any other rule would defeat the practical administration of justice, and permit the litigant to speculate upon the court's ruling, holding himself bound by the judgment if favorable, and denying the right of the court to pass on the question if the decision should be adverse to him.

The judgment below dismissing the petition is reversed, and remanded for a new trial in conformity to this opinion.