Emmons *et als.* v. Lexington & Carter County Mining Co. *et als.*

CASE 5—ACTION FOR THE APPOINTMENT OF A RECEIVER OF SETTLEMENT OF THE AFFAIRS OF THE LEXINGTON & CARTER COUNTY MINING COMPANY—NOV. 22.

# Emmons and Others v. Lexington & Carter County Mining Co. and Others.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

JUDGMENT GRANTING THE RELIEF SOUGHT, AND C. D. EMMONS AND OTHERS APPEAL. REVERSED.

CORPORATIONS—JURISDICTION OF ACTION AGAINST—RIGHT OF CREDITORS TO QUESTION JURISDICTION—WAIVER OF OBJECTION.

Held:   1. Where plaintiff sought, by his action against a corporation, to recover compensation for services rendered, and asked the appointment of a receiver, a settlement of the corporate business, and the enforcement of a lien on the land of defendant, the circuit court of a county which was not the county in which defendant had its chief office, or in which its business was conducted, or in which the land described was located, had no jurisdiction of the action; and, as the action was local except to the extent it sought a personal judgment, creditors of the corporation being interested had the right to question the jurisdiction of the court except as to that matter, especially as they pleaded that the corporation waived objection to the jurisdiction as part of a collusive agreement between plaintiff and the

officers of the corporation, and the receiver for the purpose of
an unfair distribution ·of the assets of the corporation.

·2. Defendants, by pleading to the merits after their plea to the
jurisdiction was adjudged insufficient, did not waive .that plea,
as their pleading all recited that the plea was not waived, and,
besides, there was an agreement by counsel for plaintiff that
the entry of judgment should not in any way affect the right of
defendants to make any motion or take any steps to perfect their
appeal from the order sustaining the demurrer to their plea to
the jurisdiction.

THOMAS R. BROWN, M. S. BARKER AND R. T. VINSON FOR AP-
PELLANTS.

BODLEY, BASKIN & MORANCY FOR APPELLEES.

(No briefs.)

OPINION OF THE COURT BY JUDGE WHITE—REVERSING.

The Lexington & Carter County Mining Company is a
corporation organized under the statutes of this State,
with its chief office at Lexington, and its business was con-
ducted in Carter county, where it owns some 10,000 acres
of mining land, and other property.    In 1896, one Gilde-
roy, who had rendered services for the company, and to
whom $240 was due, brought his action in Jefferson cir-
cuit court, alleging that the corporation was insolvent, and
asked that a receiver be appointed to take charge of the
property, and for a general settlement of the corporate
business.    Gilderoy also asserted a lien on the real estate
and property of the company to himself and all other la-
borers to whom the company might be indebted.    The
president of the corporation was served with process in
Jefferson county, and after notice and hearing on the pe-
tition and motion a receiver was appointed to take charge
of the property.    Afterwards, these appellants came into
court, and filed answer, pleading that the Jefferson circuit
court had no jurisdiction of the action.    This plea dis-
closes that appellants are creditors of the corporation,

and that the corporation has no office or agent in Jefferson county, and did no business in Jefferson county; that its chief officer resided in Fayette county, and that the corporation had offices or places of business only in Fayette and Carter counties; and that the president of the company appeared and consented and waived jurisdiction as a part of a collusive agreement between the plaintiff Gilderoy, the directors and officials of the company, and the receiver for the purpose of an unfair and inequitable distribution of the assets of the corporation.    To this answer or plea to the jurisdiction the court sustained a demurrer, and afterwards the case was heard finally, and a judgment of sale and distribution of the assets.    By this appeal the only question presented is the sufficiency of the plea to the jurisdiction to which the demurrer was sustained.

Section 72, Civ. Code, provides:    "Excepting the actions mentioned in sections 62 to 66, both inclusive, and in sections 68, 70, 71, 73, 75 and 77, an action against a corporation which has an office or place of business in this State, or a chief officer or agent residing in this State, must be brought in the county in which such office or place of business is situated, or in which such officer or agent resides; or if it be upon a contract, in the above-named county, or in the county in which the contract is made or to be performed, or, if it be for a tort, in the first named county, or the county in which the tort is committed."    Section 62, Civ. Code, provides:    "Actions must be brought in the county in which the subject of the action, or some part thereof, is situated—(3)    For the sale of real property under title ten, chapter fourteen, or under a mortgage, lien or other encumbrance or charge, except for the debts of a decedent."    It is perfectly clear that neither sections 63,

64, 65, 66, 68, 70, 71, 73, 75, nor 77 gave the Jefferson circuit court jurisdiction of the action. Indeed, it is not contended by counsel that either of these sections gives the Jefferson circuit court jurisdiction. Counsel contends that the right to object to the jurisdiction existed only in the corporation and its officers and directors, and that, as they voluntarily entered appearance, no other party, whatever might be his interest, could object to the jurisdiction thus obtained. The principle is well settled that jurisdiction of the person is personal to the defendant, and, if he submits, no other person can question the court's jurisdiction. But it has never been held, so far as we are advised, that, where jurisdiction depends on the thing, that it can not be questioned by any person showing an interest in the thing. If the action is transitory, the jurisdiction depends on the person; if local, it depends on the subject in litigation. The Code has provided where certain actions must be brought when the defendant was a corporation. By section 72, this place is fixed either in the county where the corporation has an office, or a place of business, or in which the chief officer or agent in the State resides. In the case at bar, the county where an action against the corporation must be brought was Carter or Fayette, or where a contract was made or tort committed, or in any county where a lien is sought to be enforced against real property. There is nothing in the petition shown to give jurisdiction to the courts of Jefferson county to appoint a receiver and to sell real estate in Carter county. In so far as the action sought a personal judgment for the sum due him, the action was transitory, and the corporation could enter its appearance and waive its right to be sued in Fayette or Carter county; but any other or further relief was not transitory, and could not be conferred by consent.

We are of opinion that any other construction would destroy the whole meaning of the section.    If consent could confer jurisdiction in Jefferson county and authorize that court to decree a sale of real estate, or to settle the affairs and dispose of the property of the insolvent corporation, it could also be done in the counties furthest remote from the property or in those most inaccessible.    The evident purpose of requiring actions against a corporation and affecting corporate property to be brought in the county where it conducts business, or where its chief officer resides, and thus confining such actions to localities, was for the benefit of persons dealing with the corporation (creditors), as well as for the benefit of the corporation itself. Any person having a right to be made party to the action and showing an interest in the subject-matter in litigation can, by plea, present the question of jurisdiction.    In our opinion, the demurrer to the plea of jurisdiction should have been overruled, as, taking the averments as true, the Jefferson circuit court was without jurisdiction of the action further than to render personal judgment in favor of Gilderoy for the sum claimed to be due; and to this extent the court acquired jurisdiction only by reason of the appearance and waiver by the president of the corporation. The plea presented the question of collusion between the plaintiff, Gilderoy, the corporation, and the trust company afterwards appointed receiver.    If this be true, the court should have declined to take jurisdiction of the matter for that reason.

It is insisted that the appellants have waived any right they had to question the court's jurisdiction by pleading to the merits after their plea to the jurisdiction was adjudged to be insufficient.    These several pleadings all contain the words, "not waiving their plea to the jurisdiction

of the court, but saving same," or words of similar import. It can not be said that appellants waived their plea to the jurisdiction. Indeed, the record contains an agreement, signed by counsel for appellees here, that the entry of the judgment shall not in any way affect the right of appellants to make any motion or take any proper steps to perfect their appeal from the order sustaining the demurrer to their plea to the jurisdiction. In the face of this agreement and reservation in the pleadings, the court should not hold appellants to have waived their rights to review the question of jurisdiction which they were continually presenting and insisting on.

For the error in sustaining the demurrer to the plea to the jurisdiction the judgment is reversed, and cause remanded, with directions to overrule the demurrer, and for proceedings consistent herewith.