## Cox et al. v. Simmerman et al.

(Decided Nov. 20, 1936.)

CLAUDE E. SMITH, W. H. BARNES and JOHN A. DEAN, Jr., for appellants.

R. MILLER HOLLAND, O. L. FOWLER, KIRK & BARTLETT, CARY, MILLER & KIRK, and E. B. ANDERSON for appellees.

OPINION OF THE COURT BY JUDGE STITES—Reversing.

A detailed statement of the allegations of fact giving rise to the controversy upon this appeal may be found in the opinion of this court in the case of Cox v. Simmerman, 243 Ky. 474, 48 S. W. (2d) 1078. Suit was there filed in Ohio county, and a demurrer was sustained to the petition after it had been amended three times. In the opinion above referred to, we affirmed the judgment of the trial court in dismissing the petition. Thereafter a second suit on the same alleged cause of action was filed in McLean county, and a demurrer was sustained to the petition in that case after it had been amended but once. An appeal was prosecuted to this court, and we then held that the petition as amended stated a cause of action in certain paragraphs and that the demurrer, being directed to the petition as a whole, should therefore have been overruled. Cox v. Simmerman, 256 Ky. 583, 76 S. W. (2d) 635. In this last opinion we directed the trial court to permit the plaintiffs to recast their petition if they desired to do so. On return of the case to the trial court, plaintiffs filed what they denominated a recast and amended petition in eight numbered paragraphs. They likewise promptly filed another amended petition, bringing in two new defendants. These two defendants filed a special demurrer to the petition on the ground that the McLean circuit court was without jurisdiction over them or over the subject of the action. Thereupon, the other defend-

ants likewise filed special demurrers upon the same ground. The court sustained all of these demurrers, and dismissed the petition as recast and amended.

The question presented narrows down to whether or not this is an action for the recovery of an estate or interest in real property which, under section 62 of the Civil Code of Practice, must be brought in the county in which the real property or some part thereof is situated, or whether the action is for the distribution or partition of the estate of a deceased person among his heirs, which, under section 66 of the Civil Code of Practice, must be brought in the county in which his personal representative was qualified.

Plaintiffs set out in the first paragraph of their petition that they are the owners of an undivided two-thirds interest in the real property involved through the will of William C. Rowan and mesne conveyances thereafter. By the second paragraph of their petition, plaintiffs claim that a deed executed by the executor of William C. Rowan, pursuant to authority granted in the will, through fraud or mistake neglected to reserve the mineral rights in the property which he attempted to convey. By the third paragraph of their petition, plaintiffs allege that the deed from the executor to the purchaser of the property involved was never delivered and that the purchaser therefore acquired no title. By the fourth paragraph of their petition, plaintiffs allege that the executor of William C. Rowan was in fact himself the purchaser of the property involved and held same in trust for the benefit of the plaintiffs. By the fifth paragraph of the petition, plaintiffs seek to recover the rents, profits, and damages arising from the alleged wrongful withholding of the property. Civil Code of Practice sec. 83. The sixth and seventh paragraphs of the petition are merely anticipatory of possible defenses, and seek to avoid their effect. By the eighth paragraph of the petition, Rowan Cox and his wife undertake to withdraw their answer formerly filed herein and to join the plaintiffs in the prayer of the petition. Plaintiffs' alleged cause of action is plainly one for the recovery of an interest in real property. This is the ultimate relief sought by the petition. Commonwealth v. Von Zedtwitz, 215 Ky. 413, 285 S. W. 224. All of the other matters are incidental to the main cause. No attempt is here made to partition or distribute the property under Civil Code Practice sec. 66. Certainly, the

McLean circuit court has jurisdiction of the action if the property involved is located in that county. This is all we need to determine to conclude that the trial court erred in sustaining the various special demurrers. It is unnecessary for us to determine the consistency or the sufficiency of the various paragraphs of the petition or any other question than the proper venue of the action, and all of those questions are reserved.

Judgment reversed.