## Smith v. Wells.

(Decided Nov. 19, 1937.)

374

POLK SOUTH, JR. for appellant.

LESLIE W. MORRIS, A. C. RUSSELL and RALPH GILBERT for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellant and plaintiff below, T. B. Smith, owns a residence in Capitol Heights, south of the Capitol grounds, in Frankfort, Ky., known as "Rockland." On January 11, 1936, he rented it furnished to the appellee and defendant below, Roger Wells, for the term of three months at an agreed rental of $100 per month, with the option to the lessee to renew it for an additional 30 days if desired. The option was later exercised, and the lessee occupied the property for 120 days. In the lease contract defendant agreed (as no doubt the law would have imposed upon him without it) to take good care of the premises and the furniture rented, ordinary wear and tear excepted, and to be accountable to the lessor for any such damages that might be produced to any of the leased property by the lessor or other occupants by his invitation, and to pay the light and gas rentals for the period of occupancy. Claiming that such obligations had been violated by defendant, plaintiff filed this ordinary action against him in the Franklin circuit court to recover damages produced. He alleged in his petition that by the negligence, carelessness, and willful acts of defendant he had damaged the real estate leased in the sum of $214, and had damaged the personalty that went with it in the sum of $910.80, and that he had failed to pay the gas and electric rentals during the term, amounting to $39.43, aggregating $1,154.23, for which amount plaintiff sued and prayed judgment.

Summons was issued, directed to the sheriff of Barren county, in which defendant resided, and it was duly served on him by that officer on August 4, 1936. On September 14, of the same year, defendant filed a special demurrer to the petition, saying: "Comes the defendant, Roger Wells, without entering his appearance herein, and demurers specially to the petition of the plaintiff, T. B. Smith, because this court has no jurisdiction of the subject of the plaintiffs's action."

To more thoroughly grasp and understand the matters hereinafter discussed, we call attention to the expressed ground for that special demurrer, which is: "Because this court has no *jurisdiction of the subject* of the plaintiff's action." (Our italics.) The court finally overruled it, but before doing so, and on September 23, defendant filed a motion for plaintiff to elect between the two alleged causes of action combined in the petition; one upon the contract and the other in tort. Without waiving it he then filed a general demurrer to the petition and without waiving it he filed a motion to strike words therefrom, and without waiving either he filed his answer, consisting of a general denial of the defalcations charged in the petition. But in none of the steps taken or pleadings filed did defendant reserve his objection to the jurisdiction of the court or its venue of the action that he may have attempted to present (but did not) by his special demurrer. The term of court at which such steps were taken adjourned. At the following term, and on November 30, 1936, there appears this order: "By agreement of parties it is ordered that this case be and it is hereby re-assigned for trial on Monday, December 14, 1936. On December 3 (and during the same term of court) defendant filed a written motion to quash the return on the summons "without entering his appearance to this action, but expressly denying the *jurisdiction* of the court and objecting thereto."

On the next day, December 4, the court sustained defendant's motion to elect, to which plaintiff objected and excepted and elected to prosecute the action upon his lease contract. On December 10th, the court sustained the motion to quash the return on the summons, and dismissed the action without prejudice, to which plaintiff objected and excepted, and prayed for and was granted an appeal to this court, which he later perfected by filing a transcript of the record with its clerk.

In the first place, the court erred in sustaining the motion to elect, since the cause of action as set out in the petition was exclusively based upon the violations of the lease contract. It is true that the pleader in describing the way and manner those violations were made employed terms usually descriptive of tortious action; such as "negligently," "carelessly," and "willfully"; but they did not alter the character and nature

of the suit as one to recover for violations of the contract. Nowhere in the petition was it intimated that the injuries sued for were the result of a tortious trespass upon plaintiff's property by defendant. If defendant's contract obligations were violated "willfully" by him, or because of his failure to exercise the proper care to observe them, and, therefore, they were violated because of his "negligence" in that regard, the nature of plaintiff's right of action against him for damages produced would not be converted thereby from a cause of action ex contractu to one sounding in tort. On the contrary, the cause of action would still be, and nevertheless continue to be, one ex contractu. The motion to elect was no doubt prompted in order to ascertain whether or not the proper venue of the action had been selected by the plaintiff, since if the injuries were of a tortious nature resulting in part of injury to *real estate,* as set out in the petition, then subsection 4 of section 62 of our Civil Code of Practice would localize it in the county where the real estate was situated, which in this case would be Franklin county. But if the action was one ex contractu and damages were sought only for its violation, then the action would be a *transitory* one and the venue would be governed by the provisions of section 78 of the Civil Code of Practice. The latter, under our determination, supra, is clearly the correct one. The venue of plaintiff's action, therefore, was not improperly laid in Franklin county, but defendant *was* improperly served in Barren county; but against which he could obtain relief by pursuing the proper practice. If it had been pursued by him "in apt time," it would have been the duty of the court to have either abated the action, or to have quashed the service of the summons, but even in that event it was error to dismiss the petition. According to our view, the motion therefore was made after the venue was waived and when it was too late for defendant to avail himself of the error.

By the common law (which has been altered in many respects by Codes and statutes), actions are divided into two classes—"local" and "transitory." The former are such as the governing law requires shall be tried in the court designated, and not elsewhere; whilst the latter may be tried in any court having jurisdiction of the subject-matter in which the defendant or one of several defendants is summoned. The text, from which we shall later quote, is in complete accord with

standard writers on the subject; but we will not supplement it with insertions from any of the others.

In 67 C. J., in treating of the general subject of "Venue," on page 24, sec. 28, the text says: "The distinction with regard to venue as between local and transitory actions has been said to be as old as actions themselves, and the rules distinguishing between them are well settled." It then continues by stating, in substance, that in the absence of statutory requirement the plaintiff may bring a transitory action in any court possessing jurisdiction of the subject-matter that he sees proper; whilst "a local action must, in the absence of contrary statutory provision, be brought in the county or district in which the subject matter lies, or where the cause of action arose." The text then continues for a number of pages to point out the distinction between transitory actions and localized ones, until page 91 of the same volume is reached. In section 146 of the text on that page, it treats of "Consent," "Waiver," and "Estoppel" as affecting defendant's rights growing out of an error in selecting the venue of a transitory action filed against him. It says in part: "While jurisdiction of the *subject matter,* that is, the abstract subject of judicial inquiry cannot be waived, and there are holdings under certain venue statutes that their requirements are jurisdictional, by the weight of authority, and by express provision in some jurisdictions, statutes relating to *venue* are procedural merely and not jurisdictional in the strict sense. If, therefore, venue is laid in the wrong county, the court having general power to take cognizance of the subject matter is not thereby *deprived of jurisdiction,* provided defendant does not object or move *in apt time* to change the venue to the proper county, and may render judgment binding on the parties." (Our italics.)

Section 148 of page 92 of the same volume of the text says: "Since the general rule is that *venue* statutes relate to *procedure* and *not* to jurisdiction, the right of defendant to be sued in a particular county or district is a mere *personal* privilege which he *may waive* where the court has general *jurisdiction* of the *subject matter,* and there are cases which apply this rule whether the case involves the subject matter of the action or merely jurisdiction of the person. It is *very generally* held that objections to the *venue* are waived by failing to

raise the question *in the proper time* and manner." (Our italics.)

In the following section (149) on page 93 of the same volume the writer deals with the subject of "Waiver of Venue" by participation in the proceedings, a part of which says: "Objection to the venue is usually held to have been waived by filing motions," etc. In note 55 to that statement there is cited the domestic case of Maverick Oil & Gas Company v. Howell, 193 Ky. 433, 237 S. W. 40, and in that opinion the prior one of McDowell v. Chesapeake, O. & S. W. Ry. Co., 90 Ky. 346, 14 S. W. 338, 12 Ky. Law Rep. 331, is referred to.

We, therefore, see that a distinction is sharply drawn between venue of strictly localized actions, and venue of transitory, actions; the terms "jurisdiction" and "venue" not being synonymous. Many domestic cases could be cited in which we expressed complete accord with the text to which we have referred and portions of which we have inserted, some of which are cited and relied on by respective counsel in their briefs, one of them, especially relied on by defendant's counsel being Emmons v. Lexington & Carter County Mining Company, 112 Ky. 91, 65 S. W. 593, 594, 23 Ky. Law Rep. 1445, the opinion in which forcefully illustrates the recognized distinction between the two classes of actions referred to. But as we interpret it, it does not support the contention of defendant's counsel on the point involved on the appeal, i. e., that defendant by the practice he employed did not waive the improper service upon him in Barren county and thereby did not enter his appearance to the action in the Franklin circuit court. The Emmons Case clearly pointed out that the venue of a strictly localized action may not be waived by the defendant; but that "if the action is transitory, the jurisdiction depends on the person." Therefore, as later shown therein, the personal judgment sought and obtained against defendant in that case (which was an action filed in the Jefferson circuit court) was upheld on the ground that defendant had waived the improper venue selected by the plaintiff. But the judgment was reversed in so far as it attempted to enforce a lien on land in another court and to obtain in rem relief, because the waiver by defendant of jurisdictional venue for such local relief could not operate to confer juris-

diction in the Jefferson circuit court. So that, the holding by us in that case was and is in perfect accord with the text excerpts, supra.

The very recent case of Britton v. Davis, 268 Ky. 7, 103 S. W. (2d) 665, 667 (not cited by counsel for either side because not published when briefs were written), furnishes another instance wherein we pointed out the distinctions, supra, relative to local and transitory actions, as well as the prescribed venue for each class, and approved the principles of the text, supra, in the same manner as had previously been done in the Emmons Case. The Britton Case was filed in the Rockcastle circuit court and partook of the nature of a settlement suit of an estate of a decedent who died a resident of Breckinridge county, and in which county a personal representative of the decedent's estate had been appointed and qualified. It was against the personal representative individually and in his fiduciary capacity; but by a motion to elect defendant was finally proceeded against only in his fiduciary capacity. The defendant therein appeared in the Rockcastle circuit court and practiced his case very much after the fashion that defendant did in the instant one. It was insisted by plaintiff therein that, though the case was brought in the wrong venue, the error was waived by defendant, and the cases of Johnson v. Holt's Adm'r, 235 Ky. 518, 31 S. W. (2d) 895, and Dean v. Brown, 261 Ky. 593, 88 S. W. (2d) 298, were relied on; but the court dismissed plaintiff's petition for want of jurisdiction of the action. In sustaining that ruling, under the facts of that case, we employed this language: "The rule may be conceded [i. e. that of waiver of venue of transitory actions fixed by the Code for the convenience of defendants in them] but the question is, Does it apply to this kind of an action?" In answering that question we said: "In actions of a transitory character, or that are localized purely for the convenience of the defendants, it is the rule that venue is not controlling, and that jurisdiction may be waived; but there are certain classes of actions that are so localized with respect to their subject matter that only the court of a particular county has jurisdiction."

The opinion then continues by giving examples of strictly localized actions, among which is one to settle a decedent's estate, which by sections 65 and 66 of the

Civil Code of Practice *must* be brought in the county in which the personal representatives qualified, regardless of the county in which any of the defendants, or even all of them, may reside or be summoned. Therefore, we held in the Britton Case that the steps taken by the defendant therein in the Rockcastle circuit court could not and did not waive the question of *jurisdictional* venue, mandatorily provided for by the last two cited sections of the Code. Our conclusion reached in that case was based *solely* upon the ground that the defendant therein could *not* waive the question of the proper court in which that character of action should be brought, because and only because it was one that the Code mandatorily *localized* in a different county. But we also quite inferentially held that if the case had been solely a transitory one, the venue of which is "purely for the convenience of the defendants," the practice therein employed by defendant would have created a waiver and an entrance of his appearance in that court, and he would be bound by whatever judgment the court might render against him.

In this case, as we have hereinbefore seen, the first step taken by defendant was the filing of a special demurrer to plaintiff's petition; but the grounds therefor were limited *solely* to the fact that "this court has no jurisdiction of the subject of the plaintiff's action." As we have seen the quoted text, supra, and our cited opinions establish the fact that the courts *did* have jurisdiction of the *subject-matter* of the action, it not being a localized rem, but exclusively a personal action for a personal judgment for violating a contract. Plaintiff's proper course that was opened to him, if it had been employed, was some motion or step calling in question the jurisdiction of the court over *his person* and not to its jurisdiction over the "subject-matter" of the suit, since the court had undoubted jurisdiction of the latter. The special demurrer was, therefore, properly overruled by the court, since, as we have seen, it had jurisdiction of the subject-matter of the action and defendant had raised no objection to its jurisdiction of his person. Defendant thereafter continued to make preliminary motions, as we have seen, and filed his answer. On December 3, he for the first time questioned the court's right to adjudicate the matters involved because of improper execution of service or summons upon him.

The Franklin circuit court, we repeat, had jurisdiction of the subject-matter of the action, it being, as seen, a transitory one for the recovery of a personal judgment against defendant, but he had the right to object to a trial in that court because of improper service upon him. However, he could waive service out of the county where the action was pending and enter his appearance if he saw proper to do so. Such appearance is entered, as hereinbefore pointed out, when defendant omits and fails to assert his rights "in apt time," but instead employs practice and takes steps preparatory to a defense of the case on its merits. Under the authorities, supra, and many others that could be cited, defendant's motion to quash the return of the summons against him came too late, and after he had waived his right to make that insistence. Therefore, the court erred in sustaining the motion because of its untimely entrance, and also erred in dismissing the petition without prejudice, even if the motion had been timely made.

Wherefore, for the reasons stated, the judgment is reversed, with directions to set it aside, and for other proceedings consistent with this opinion.