FERRILL *v.* COLLINS.

5-240                                    262 S. W. 2d 885

Opinion delivered December 21, 1953.

*Fletcher Long,* for appellant.

*Carroll C. Cannon,* for appellee.

WARD, J.   The question raised on this appeal is whether an action for the recovery of damages to real property, based on the breach of a certain written lease agreement, is local or transitory.

The complaint filed in the Circuit Court of St. Francis County by appellant alleges that: She is a resident of Pulaski County and is the owner of a store building in Cross County; On or about April 1, 1946, she entered into a written lease agreement with appellee for a term of seven years on the first floor of said building, and; She had performed all the conditions imposed on her, but that appellee had failed to do so in certain particulars.

It is alleged that appellee agreed "to take good care of the leased premises and at all times to keep the same in good and proper repair and condition at his own expense, making all inside and outside repairs, including all sidewalks, windows, glass, and all inside and outside painting . . ." and also agreed that he would "at the end or other expiration of the demised term make all replacements and alterations as herein required, and at the expiration of this Lease, the Lessee shall deliver to the Lessor the demised premises in good order and condition, and not call upon the Lessor for any outlay whatsoever during the demised term . . ."

It is further alleged that because of appellee's failure to perform his part of the said contract the building and premises were surrendered to her in a rundown and non-usable condition, and that to put same in good order and condition it will cost her $2,467.22 for inside repairs and $5,945.00 for outside repairs, and that she will lose four months rent at $400 per month, for all of which she prayed judgment. Service was had on appellee in St. Francis County.

To the above complaint appellee filed a special demurrer alleging lack of jurisdiction of the subject matter on the ground that the complaint states a cause of action for injury to real property and is, therefore, governed by Ark. Stats. § 27-601, 4th paragraph. The cited statute provides that actions for injury to real property must be brought in the county in which the subject of the action is situated. Thus it is contended by appellee that this action would lie only in Cross County.

The trial court sustained the demurrer, stating that, the complaint alleges a breach of contract but also alleges willful waste which is an injury to real estate and therefore the action is local and not transitory.

We reach the conclusion that it was error for the trial court to sustain the demurrer.

While the exact point under consideration here has never been resolved by this court there are other decisions which support the conclusion we reach. Before discussing two Kentucky decisions it is pertinent to point out the similarity between the statute of that state and our own statute, Ark. Stats. § 27-601. The Kentucky Civil Code of Practice, § 62, reads as follows:

"§ 62. *Concerning real property.* Actions must be brought in the county in which the subject of the action, or some part thereof, is situated—

"1. For the recovery of real property, or of an estate or interest therein.

"2. For the partition of real property except as is provided in § 66.

"3. For the sale of real property under title, 10, chapter 14, or under a mortgage, lien, or other encumbrance or charge, except for debts of a decedent.

"4. For an injury to real property."

*Campbell* v. *W. M. Ritter Lumber Co.*, 140 Ky. 312, 131 S. W. 20. Here Campbell entered into a written contract with the Ritter Lumber Company by which he sold it certain standing timber on a tract of land in Virginia, and by which the lumber company was given the right to use certain buildings and improvements on the land for a definite period. The lumber company, pursuant to the contract, went upon the land and began to move the timber but its servants destroyed three houses and destroyed partitions, doors and windows in other houses. Campbell filed suit in the Circuit Court of Pike County, Kentucky alleging the foregoing facts. The trial court sustained a general demurrer to the petition on the

ground that since the land was in Virginia no action could be maintained in Kentucky for injury to it. The court, after stating that it was not necessary to consider other decisions which held that an act of tort can not be maintained in one state to recover damages for trespass on land in another state, said that "This is an action upon a contract; and undoubtedly the cause of action upon a contract follows the person, and may be brought where he may be found," referring to other decisions of like holding. The court further said: "The gist of the action here is the breach of a contract; and for this breach of contract damages may be recovered in the courts of this state, regardless of the location of the land as to which the contract was broken."

Appellee lays much stress on the fact that the acts on his part merely amounted to waste at common law and cites cases holding that waste is the basis of an action in tort and therefore a local action. In this connection the court in the cited case had this to say: "The tenant was rightfully in possession. The action is not brought to recover for trespasses on land. It is simply an action by the lessor against the lessee on the lease, to recover for waste by the lessee in violation of his contract. Like a cause of action for other violations of contract it follows the person and may be sued on where he may be found." In the opinion the court also stated that the law imposes upon a lessee the duty to take ordinary care of the property and that the lessee is bound to turn over the property at the end of its term in as good condition as when it received it, ordinary wear and tear excepted. Likewise it is our opinion that in this case appellant, if she chose, could have brought an action in tort for the recovery of injury to her property and in such event the action should have been brought in Cross County where the property was located, but that she also had a right of action for breach of the contract entered into by her and appellee and that she had a right to sue on the contract in the county where appellee was served, as also provided by statute.

The other Kentucky decision supporting our conclusion above announced is reported in the case of *Smith v. Wells,* 271 Ky. 373, 112 S. W. 2d 49. The facts in this case show that Smith who owned a dwelling in Franklin County Kentucky rented it to Wells furnished. The rental agreement required Wells to take good care of the property and return it in good condition and to pay for any damage. In Smith's complaint he alleged that he had been damaged by the careless, negligent and willful acts of Wells. Service was had on Wells in Baren County, Kentucky. Wells first filed a special demurrer to the jurisdiction of the subject matter. Then, in order, he filed a motion to require appellant to elect whether he was suing in tort or on contract, a general demurrer, a motion to strike, an answer, and a motion to quash service. The trial court required appellant to elect and then it sustained the motion to quash, and dismissed the action. Smith after saving his exceptions elected to stand on his action under the contract and appealed. The appellate court after stating that Wells had waived his rights under certain of his motions and demurrers by failing to pursue them properly, held that it was error for the trial court to dismiss the complaint because the court did have jurisdiction of the subject matter although service was improperly had on Wells in Baren County. The court also held that it was error to require Smith to elect and, in discussing this question, it used language pertinent to the issue before us here. The court said:

"In the first place, the court erred in sustaining the motion to elect, since the cause of action as set out in the petition was exclusively based upon the violations of the lease contract. It is true that the pleader in describing the way and manner those violations were made employed terms usually descriptive of tortious actions; such as "negligently," "carelessly," and "willfully"; but they did not alter the character and nature of the suit as one to recover for violations of the contract. Nowhere in the petition was it intimated that the injuries sued for were the result of a tortious trespass upon

plaintiff's property by defendant. If defendant's contract obligations were violated "willfully" by him, or because of his failure to exercise the proper care to observe them, and, therefore, they were violated because of his "negligence" in that regard, the nature of plaintiff's right of action against him for damages produced would not be converted thereby from a cause of action *ex contractu* to one sounding in tort. On the contrary, the cause of action would still be, and nevertheless continue to be, one of *ex contractu*. The motion to elect was no doubt prompted in order to ascertain whether or not the proper venue of the action had been selected by the plaintiff, since if the injuries were of a tortious nature resulting in part of injury to *real estate,* as set out in the petition, then subsection 4 of § 62 of our Civil Code of Practice would localize it in the county where the real estate was situated, which in this case would be Franklin County. But if the action was one *ex contractu* and damages were sought only for its violation, then the action would be a *transitory* one and the venue would be governed by the provisions of § 78 of the Civil Code of Practice."

The reasons and conclusions contained in the two cases above discussed are supported in Vol. 1 C. J. S., page 1104, under the heading of "Actions," where we find:

"There are also certain classes of contracts which create a relation out of which certain duties arise as implied by law independently of the express terms of the contract, a breach of which will constitute a tort, and in such cases an injured party may sue either for breach of the contract or in tort for breach of the duty imposed by law, the rule being that, where there is a breach of duty imposed by law, an action in tort is not precluded because such duty arises out of a contract relation."

In support of appellant's position in this case it is also noted that she apparently had enforceable rights against appellee under the lease contract which would not be imposed on him under law, since the contract

required appellee to make "all inside and outside repairs, including all sidewalks, windows, glass, and all inside and outside painting . . ."

While appellee cites no authorities on the exact point under consideration here he ably and forceably argues that all actions for injury to real property are made local under § 27-601 referred to previously, and, in support, relies heavily on the decisions of our own court in *Jacks* v. *Moore*, 33 Ark. 31 and *Cox* v. *Railway Company*, 55 Ark. 454, 18 S. W. 630. However we find nothing in either of these cases contrary to the decision we reach.

In the *Jacks* case, where no contract was involved, the complainant alleged that Jacks entered upon his land and cut growing timber for which he prayed damages. This court properly held that the complaint showed a trespass had been committed on real estate and that the action should have been brought in the county where the land was situated, citing the same statute here relied on.

The holding in the *Cox* case affirms the opinion in the *Jacks* case but throws no light on the point in issue, although some of the language used calls for comment. A suit was filed in Pulaski County by Cox to enjoin the Railway Company from removing earth, without permission, from his land in Prairie County, and again no contract was involved. This court had no trouble in reaffirming that actions for injury to real estate were local, but considered whether an injunction suit in equity to prevent injury to real estate was governed by the same rule. In deciding that the same rule applied the court said it could find nothing to justify "the conclusion that the venue for actions to real property can be made to depend in any case upon the object of the suit or the nature of the relief sought. A cause of action is local under the code because the statute has made it so; and a party can not shift the jurisdiction from the proper county by electing to pursue a particular remedy."

The above language must be considered in the context in which it was used. The court stated that Cox had alleged a continuing trespass on his lands and the court was merely trying to explain that the provisions of the statute could not be avoided by bringing an action for an injunction. The court of course had no occasion to discuss what Cox's right might have been if he had been suing on a contract as in the case before us.

For the reasons set forth above the judgment of the lower court is reversed and the cause is remanded for further proceedings.

Justice McFaddin concurs.