SOUTHEAST CONSTRUCTION COMPANY, INC. *v.* WOOD, JUDGE.

5-353                                                      265 S. W. 2d 720

Opinion delivered March 15, 1954.

*Howard L. Wilkinson* and *Daily & Woods,* for petitioner.

*Bates, Poe & Bates,* for respondent.

WARD, J. This Petition for Writ of Prohibition raises the question of proper venue in an action brought by Cecil N. Elliott and wife against petitioners. The answer to this question depends on whether Elliotts' complaint states a cause of action in damages to real estate or a

cause of action on contract. If the former, the action is local and the Writ must be denied, but if the latter, the Writ should be granted.

The first complaint filed by Elliotts makes many references to a contract between the State and petitioners, but later Elliotts filed an amended complaint which we will consider in this opinion.

In substance the amended complaint states. Elliotts are the owners of certain lands; The State Highway Department, in order to widen Highway No. 28, took a portion of their land upon which was situated their residence, several other structures (naming them), and a well; Payne Brothers, as sub-contractors under the Southeast Construction Company, tore down said buildings and destroyed their value, and; by this taking they were damaged in the sum of $14,000. The complaint, of course, does not use the language set out above, but it can reasonably be interpreted to convey the same meaning. As so interpreted the complaint states a cause of action for damages to real estate and the venue was thereby fixed in Scott County where the complaint was filed, under Ark. Stats., § 27-601.

In addition to the allegations above set out, however, the complaint contained many other statements, and petitioners contend that these other statements show the complaint to state a cause of action solely in contract. If this contention is correct it may be conceded that Scott County is not the proper venue, since neither of the petitioners lived or was served in that county, and that the Writ should issue in this case. We do not agree with this contention.

The complaint, among other things, states that: Petitioner, Southeast Construction Company, is a corporation of Arkansas with its principal place of business at Pine Bluff, and prior to December 7, 1951, it entered into a contract with the State to widen Highway No. 28; said construction company "entered into some kind of a contractual arrangement with" petitioners, A. G. Payne and C. L. Payne, as sub-contractors to move the buildings

located on Elliotts' land, and the contractor was liable for all the sub-contractor's acts; petitioners, acting jointly and in concert, moved the said buildings and, in doing so, negligently destroyed and demolished the buildings and the well, although they were ''supposed to move each of the above buildings as a whole and restore them to the condition they were off the right-of-way,'' and; ''the value of the buildings and structures immediately preceding the building of this road had a value of $15,000; that today the buildings and structures are so situated and left in such a condition that it has very little value not to exceed over $1,000; that, as a result of the acts of the defendant, Southeast Construction Company, Incorporated, in this contract, the plaintiffs have been damaged in the sum of $14,000.''

It is apparent, of course, from the above mentioned allegations that many references are made in the amended complaint to the contract between the State and the Southeast Construction Company, but we do not think they are necessarily controlling.

There is nothing in the amended complaint to show by what authority, if any, the State took the Elliott land, or just what rights, if any, they had under the contract between the State and petitioners. The references in the amended complaint to the duty of petitioners to move and restore the buildings, and the negligent manner in which they attempted to do so, may be treated as surplusage or as showing elements of mitigation in damages for which petitioners might be liable. Even if it is correct to say Elliotts could have sued for a breach of contract, the fact remains that they had a choice of remedies. It is evident from the fact they abandoned the original complaint and filed an amendment that they chose an action for damages to real estate. That Elliotts could have two remedies based on the same fact situation, and that they had a choice, was held in *Ferrill* v. *Collins*, 222 Ark. 840, 262 S. W. 2d 885, where, in an analogous situation, we said:

''Likewise it is our opinion that in this case appellant, if she chose, could have brought an action *in tort*

for the recovery of injury to her property and in such event the action should have been brought in Cross County where the property was located, but that she also had a right of action for breach of the contract entered into by her and appellee and that she had a right to sue on the contract in the county where appellee was served, as also provided by statute."

In accordance with the views above expressed, the Writ of Prohibition must be, and the same is, hereby denied.

The Chief Justice dissents.