Argued September 19, demurrer to alternative writ sustained;
peremptory writ disallowed November 2, 1956

## STATE HIGHWAY COMMISSION *v.* GOODWIN

303 P. 2d 216

*F. A. Morgan,* Assistant Attorney General, Salem, argued the cause for petitioner. With him on the brief were Robert Y. Thornton, Attorney General, Salem, and C. W. Enfield, Assistant Attorney General, Salem.

*Asa L. Lewelling,* Salem, argued the cause for respondent. With him on the brief was Frederic H. Starkweather, Jr., Gold Beach.

Before WARNER, Chief Justice, and ROSSMAN, LUSK, BRAND, PERRY and McALLISTER, Justices.

LUSK, J.

This is an original proceeding in mandamus. The case is before us on the defendant's demurrer to the alternative writ. The question arises out of the denial by the defendant, the Honorable A. T. Goodwin, circuit judge, of a motion to quash the service of summons

in a case pending in Curry County in which the plaintiff here, the State of Oregon by and through its State Highway Commission, is the defendant. The alternative writ requires the circuit judge to cease and desist from further proceedings in the Curry County case on the ground that the venue thereof is not in that county, or to show cause why he has not done so.

The Curry County case, entitled *Gloria Scott Buffington et al v. State of Oregon* by and through its State Highway Commission, is an action in inverse condemnation. It involves lands in Curry County owned by the plaintiffs. They allege in their complaint that the state took possession of a portion of these lands, built roads thereon, and did extensive bulldozing and drilled holes therein, and, further, that by constructing a bridge and dike on neighboring property, the state altered the course of Euchre Creek, causing the waters of the creek to flood another portion of the Buffington land and erode it, and that the resulting injuries constitute a taking for which the plaintiffs demand compensation.

Venue is regulated by statute. Here the question most debated is whether the case is governed, as the defendant contends, by ORS 14.040 (1), which provides that "Actions * * * for injuries to real property" shall be commenced and tried in the county in which the subject of the action is situated; or, as the plaintiff contends, by ORS 14.080, which reads:

"All other actions or suits shall be commenced and tried in the county in which the defendants, or one of them, reside or may be found at the commencement of the action or suit, except that an action founded on an alleged tort may be commenced either in the county where the cause of action arose or in the county where the defend-

ants, or one of them, reside or may be found at the commencement of the action. * * * ''

In addition, there is the alternative suggestion of the defendant that ORS 366.375, which fixes the venue of a condemnation action commenced by the State Highway Commission in ''the county wherein the real property is located,'' is applicable.

Although the Curry County action is against the state, and the state has not expressly consented to be sued in such a case, nevertheless the right of the owner of property to maintain an action to recover compensation from the state for a *taking* of his property under the power of eminent domain, but without the institution of condemnation proceedings, is sustained on the theory that to deny him such a right would violate the constitutional mandate that ''Private property shall not be taken for public use * * * without just compensation; nor except in the case of the state, without such compensation first assessed and tendered * * *.'' Art I, § 18, Constitution of Oregon; *Tomasek v. Oregon Highway Com'n,* 196 Or 120, 142-147, 248 P2d 703. We there said that this provision of the Constitution carries with it ''a waiver of immunity on the part of the state to actions prosecuted for damages for its violation.'' 196 Or at 147.

It is because the right to sue the state in such an action is maintainable only on the theory that it is brought to recover damages for a taking, rather than for a trespass, that the state says that this is not an action ''for injuries to real property,'' and ORS 14.040 (1) is not applicable. And, as none of the other specific provisions of the venue statutes—unless it be the condemnation statute itself—fit the case, it is argued that the statute prescribing the venue for ''all other actions'' governs, and the action must be brought

in the county where the defendant resides "or may be found at the commencement of the action." It follows, according to counsel for the state, that the venue is in Marion County in which is the city of Salem, the seat of government, where the state is "found."

We are aware of no Oregon decisions upon the point, but we think that, by the better reasoning, the Curry County action must be held, for the purpose of determining venue, to be one for injuries to the land, and that this view finds support in the decisions from other jurisdictions. It is true that the action cannot be maintained at all unless a taking in the constitutional sense is established. But it is also true that "Every taking involves an injury of some kind, though every injury does not include a taking." *M. & C. C. of Balto v. Bregenzer,* 125 Md 78, 84, 92 A 425. In *Mackey v. State,* 220 Ind 607, 45 NE2d 205, the court held that a condemnation action was so far an action for injury to property as to come within a statute, specifying as one of the causes for a new trial "error in the assessment of the right of recovery * * * where the action is * * * for the injury or detention of property." *State v. Central Nebraska Public Power & Irr. Dist.,* 140 Neb 471, 300 NW 379, was an action by the state to compel a corporation to build a bridge across a canal which it had constructed. The remedy sought by the state was authorized by statute. A Nebraska statute provided that "All actions to recover damages for any trespass upon or any injury to real estate shall be brought only in the county where such real estate or some part thereof is situated * * *." 140 Neb at 473. Referring to that statute and others, the court said:

"* * * It is clear from the above quoted provisions of the statutes, and others to which refer-

ence will be made, that the legislative intent is generally that the venue of actions involving the determination of the title to land, rights and interests therein and damages thereto, shall be in the county wherein the land lies, and that the location of the land is a superior consideration to the location of the parties in determining the proper venue for such actions. In the absence of clear and specific statutory provisions as to the venue of an action, the substantial nature of the issues involved in an action and the statutory provisions as to analogous situations may be followed to determine the proper venue." Id at 474, 475.

The court further said:

"* * * The failure of defendant to build the bridge is an 'injury to real estate.' The substantial nature of the issue here is one of recovery for damages, even though the form of the action is in mandamus." Id at 475.

The court referred to the fact that, while the defendant was alleged to be a trespasser in the construction of the canal, it was given by statute the power of condemnation in the county where the lands are situated if the owners of the land object to the construction, and that these and other statutory provisions cited "clearly establish a legislative intent to place the venue of an action, involving an issue substantially of the nature here presented, in the courts of the county where the land lies." Id at 477.

In *Lehman v. Williams,* 301 Ky 729, 193 SW2d 161, an action in inverse condemnation against the commonwealth, it was directly held that the venue was local under a statute providing that the venue of an action for injuries to real estate is in the county where the real estate is located. The right to prosecute such an action against the sovereign was sustained on the same reasoning we employed in the Tomasek case. There

are like rulings in *Williams v. Merced Irrigation District,* 4 Cal2d 238, 48 P2d 664, where the defendant was an irrigation district, "a public corporation for municipal purposes"; and in *Southeast Construction Company v. Wood,* 223 Ark 325, 265 SW2d 720, where the defendants were contractors engaged in widening a road for the State Highway Department. See, also, *State ex rel. Schmitt v. Hoffmann,* 233 Minn 186, 46 NW2d 468. Counsel for the state say that *Williams v. Merced Irrigation District,* supra, turns on a statute which is much broader than ours. The statute referred to, § 392 of the California Code of Civil Procedure (see 14 West's Annotated California Codes, p 201) reads:

> "(1) Subject to the power of the court to transfer actions and proceedings as provided in this title, the county in which the real property, which is the subject of the action, or some part thereof, is situated, is the proper county for the trial of the following actions:
>
> "(a) For the recovery of real property, or of an estate or interest therein, or for the determination *in any form,* of such right or interest, and for injuries to real property."

Apparently, the words "in any form" which we have italicized are the basis for the suggested distinction. But it is plain that these words do not refer to actions for injuries to real property, but only to the determination of a right or interest in real property. Substantially, so far as the question here is concerned, the California statute is identical with ORS 14.040 (1). It is of some interest to note that it is now provided in California that the venue of actions against the state "for the taking or damaging of private property for public use is a court of competent jurisdiction in

the county in which the property is situate." 1 Deering's California Codes § 16050.

We have examined the cases cited in the brief filed on behalf of the state. Most of them, as counsel candidly concede, turn upon special statutory provisions fixing venue in actions against the state. They may or may not be persuasive on the question of what the policy of the law should be, but they throw no light on the construction to be given our statute. As to the question of policy, if that is to be considered at all, the reasons which support the local venue in a condemnation action are equally valid in an inverse condemnation action. As stated in 6 Nichols on Eminent Domain (3d ed) 75, § 24.7:

> " * * * The reason for this rule is in part the greater facility of procuring witnesses familiar with the property to testify as to its value and of viewing the premises by the jury or other tribunal, and in part to the analogy of local actions at common law."

Our conclusion is that "this action is purely local" (*Williams v. Merced Irrigation District,* supra) and that the statute fixing venue in actions for injuries to real property controls.

We find it unnecessary to decide whether the statute fixing the venue in condemnation cases applies here. Neither do we express or intimate any opinion as to whether the plaintiffs in the Curry County action have by their complaint brought themselves within the Tomasek case. That question is not now before us.

The demurrer to the alternative writ is sustained. As, according to our understanding, the state does not wish to amend, a peremptory mandamus is disallowed.