William R. MEREDITH, II, et al., Appellants,

v.

Guy C. INGRAM, Executor, etc., Appellee.

Court of Appeals of Kentucky.

June 27, 1969.

James F. Clay, Jr., Clay & Clay, Danville, for appellants.

W. Earl Dean, Jr., Dean & Dean, Harrodsburg, James G. Sheehan, Danville, for appellee.

**EDWARD P. HILL, Judge.**

This is an appeal from a judgment dismissing the complaint for improper venue.

The complaint alleges that Thomas Kyle owned a farm in Mercer County containing 410.5 acres. He devised the farm in trust to Ricker Kyle, "the rents, issues and profits to be applied first to the payment of taxes and the proper maintenance of the farm, and the residue thereof to be paid to said beneficiary during his lifetime." The remainder was devised to a grandniece and a grandnephew, who filed the complaint.

The complaint is against the personal representative of Ricker Kyle, who qualified in Boyle County.

Appellants' brief states that the complaint "seeks a money judgment against the life tenant for failure to maintain the trust property for the remaindermen according to the terms of the trust, for diversion of trust funds by the life tenant, acting as trustee de son tort, and for unjust enrichment of the life tenant's estate." Appellant argues that KRS 452.415 places venue of the action in Boyle County, the county in which the personal representative qualified.

We do not look to appellants' brief to determine the nature of his action, but to the complaint, paragraphs 11, 12, and 13 of which we quote:

"11. The deceased, W. R. Kyle, as life tenant of the Thomas Kyle farm, permitted the accumulation of trash and undergrowth on said property, failed to maintain the buildings, fences, and improvements thereon, exercised poor husbandry which decreased the fertility thereof, and permitted or incurred waste upon the premises which thereby decreased the value thereof to the plaintiffs' damage in the sum of $30,000.00.

"12. The decedent, W. R. Kyle, acting as trustee de son tort, failed to follow the duties imposed upon Thomas Kyle's trustee to apply the income from said farm to the proper maintenance thereof, as a result of which the same declined in value so that the difference between the fair and reasonable market value thereof in its actual condition and the condition in which is (sic) should have been maintained was $30,000.00 at the decedent's death, or in the alternative, the reasonable cost of restoring same to a condition of proper maintenance is $30,000.00, to plaintiff's damage in said amount.

"13. As a result of the decedent's waste and failure to perform the duties of trustee aforesaid, the estate of W. R. Kyle has been unjustly enriched at the expense of the plaintiffs in the sum of $30,000.00."

From these allegations of the complaint, we readily conclude that the action is one for damages or injury to real estate and must be instituted in the county in which the land is situated. KRS 452.400.

Be it admitted for the sake of argument that the complaint alleges and demands an accounting by a personal representative of a deceased person, which we think it does not, certainly the main theme of appellants' complaint concerns damages or injury to real estate. In this situation the venue statute on real estate takes precedence over those statutes involving actions against per-

sonal representatives. See 93 A.L.R.2d 1209; Cox v. Simmerman, 266 Ky. 255, 98 S.W.2d 915; and Gillen v. Illinois Central Ry. Co., 137 Ky. 375, 125 S.W. 1047.

The cases of Smith v. Wells, 271 Ky. 373, 112 S.W.2d 49 (1937), and 20th Century Coal Co. v. Taylor, Ky., 275 S.W.2d 72 (1954), are not found to be in point.

The judgment is affirmed.

All concur.