**William R. MEREDITH, II et al.,**
**Appellants,**

**v.**

**Guy C. INGRAM, Executor, etc., Appellee.**

Court of Appeals of Kentucky.

March 19, 1971.

James F. Clay, Jr., Clay & Clay, Danville, for appellants.

James G. Sheehan, Jr., Danville, W. Earl Dean, Dean, Dean & Dean, Harrodsburg, for appellee.

STEINFELD, Judge.

Appellee, Guy C. Ingram, qualified in Boyle County as the personal representative of Ricker Kyle, deceased. Appellant, William R. Meredith, II and other remaindermen under Kyle's will, sued Ingram in the Boyle Circuit Court claiming damages because of injury to real estate devised by Kyle. We affirmed the judgment of the circuit court which dismissed the action on the ground that the venue was in Mercer County where the real estate is located. Meredith v. Ingram, Ky., 444 S. W.2d 551 (1969).

After mandate was issued the same plaintiffs below moved to file an amended complaint demanding an accounting of trust income which they claimed had not been applied to the purposes of the trust. The court overruled the motion from which order Meredith and the other remaindermen have appealed. We affirm.

Appellants rely upon CR 41.02 which deals with the effect of an involuntary dismissal of an action. It provides in part "Unless the court in its order for dismissal otherwise specifies, a dismissal uder Rule 41.02, and any dismissal not provided for in

Rule 41, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits." Appellants argue that there having been no dismissal upon the merits they are not barred from proceeding to assert their claim. They rely on Philpot v. Minton, Ky., 370 S.W.2d 402 (1963). Philpot involved an independent law suit and not an attempt to continue with the same case. It is not applicable. Here the issue is not whether the matter presented is res judicata. While it appears that the sole issue decided on the first appeal was the proper venue of the action and the merits were left undetermined we do not decide the right of appellants to litigate. We deal only with the question of whether the litigation may be continued in this case by an amended pleading.

Amendments to pleadings are covered by CR 15. In James v. Hillerich & Bradsby Company, Ky., 299 S.W.2d 92 (1956), we said: "We think it is obvious that this Rule applies only to amendments offered during the pendency of the action. Certainly it was not intended to apply in situations where, by the lapse of a period of 10 days after judgment, the court has lost control of the judgment." Craig v. Welsh-Hackley Coal & Oil Company, 25 K.L.R. 1853, 78 S.W. 1122 (1904), decided before the civil rules were adopted, stated: "The petition had lost its efficacy, and did not exist for amendment, as the action in which it was filed as the initial step was no longer pending. An amended petition can only be filed in a pending action or proceeding." In the same circumstances we said in Towles v. Campbell, 215 Ky. 34, 284 S.W. 418 (1926), " * * * the court was without jurisdiction to entertain the amendment * * *". Also see 71 C.J.S. Pleadings section 282 c, p. 604.

Alternately the court was requested to treat the amendment as a new suit. The statutes and rules provide how suits may be filed. See KRS 412.250; 142.011 and CR 3. The trial court did not err in denying that request.

The judgment is affirmed.

All concur.