RENDERED: FEBRUARY 26, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-0099-MR

DERWIN NICKELBERRY                                    APPELLANT

APPEAL FROM DAVIESS CIRCUIT COURT
v.      HONORABLE JOSEPH W. CASTLEN, III, JUDGE
ACTION NO. 04-CR-00184-002

COMMONWEALTH OF KENTUCKY                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, KRAMER, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Derwin Nickelberry brings this appeal from a December 20, 2018, order of the Daviess Circuit Court denying his motion to vacate, set aside, or correct his judgment of conviction and sentence of imprisonment pursuant to Kentucky Rules of Criminal Procedure (RCr) 11.42. We affirm.

On March 29, 2004, Nickelberry was indicted by a Daviess County Grand Jury upon two counts of robbery in the first degree and one count of

kidnapping. Following a jury trial, Nickelberry was adjudicated guilty upon one count each of robbery in the first degree and kidnapping. By judgment and sentence of imprisonment entered September 4, 2007, Nickelberry was sentenced to a total of forty-years' imprisonment. Nickelberry directly appealed the judgment to the Kentucky Supreme Court (Appeal No. 2007-SC-0711-MR). By Opinion rendered March 19, 2009, the Supreme Court affirmed the judgment and sentence of imprisonment. *Nickelberry v. Commonwealth*, No. 2007-SC-0711-MR, 2009 WL 735881 (Ky. Mar. 19, 2009).

Thereafter, on June 18, 2010, Nickelberry, *pro se*, filed a motion pursuant to RCr 11.42 to vacate or set aside the judgment and sentence of imprisonment. Nickelberry asserted that his trial counsel was ineffective for failing to call an alibi witness, failing to impeach a victim/eyewitness, and failing to conduct a proper investigation. The trial court denied the RCr 11.42 motion by order entered August 17, 2010. By Opinion rendered April 6, 2012, this Court affirmed the trial court's denial of Nickelberry's RCr 11.42 motion. *Nickelberry v. Commonwealth*, No. 2010-CA-1708-MR, 2012 WL 137892 (Ky. App. Apr. 6, 2012).

On October 17, 2018, some six years after filing his original RCr 11.42 motion, Nickelberry, *pro se*, filed a second motion to vacate the judgment and sentence. The 68-page motion was entitled "Motion to Relations Back of

Amendments, Substantial Error and Vacate, Set Aside or Correct Sentence for A New Trial Pursuant to [Kentucky Rules of Civil Procedure] CR 15.03, RCr 10.26 & RCr 11.42." By order entered December 20, 2018, the trial court denied Nickelberry's motion as time-barred under the three-year limitation period of RCr 11.42(10). This appeal follows.

Nickelberry contends the trial court erred by denying his RCr 11.42 motion to vacate. More particularly, Nickelberry asserts that although his current motion alleging ineffective assistance of counsel was filed outside the three-year limitation period of RCr 11.42(10), the relation back doctrine of CR 15.03 operates to save the second RCr 11.42 motion.[1] We disagree.

As to the relation back doctrine in criminal cases, the applicable rule is found in CR 15.03.[2] CR 15.03(1) specifically provides that if a claim "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." However, "it is obvious that this Rule [CR 15] applies only to amendments offered during the pendency of the action. Certainly, it was not

---

[1] Kentucky Rules of Criminal Procedure (RCr) 11.42(10) provides, in relevant part, that "[a]ny motion under this rule shall be filed within three years after the judgment becomes final," unless one of two exceptions is applicable. It is uncontroverted that neither of the two exceptions provided for in the RCr 11.42(10) is applicable to the case *sub judice.*

[2] As explained by the Court in *Roach v. Commonwealth*, 384 S.W.3d 131, 135 (Ky. 2012), RCr 13.04 provides "that gaps like this in the Criminal Rules may be filled by the pertinent Civil Rules."

intended to apply in situations where . . . the court has lost control of the judgment." *Meredith v. Ingram*, 465 S.W.2d 38, 39 (Ky. 1971). Simply stated, a motion to amend a petition or motion can only be filed while the action or proceeding is still pending.[3] *Id.* at 39 (citation omitted).

In the case *sub judice*, Nickelberry filed a *pro se* RCr 11.42 motion on June 18, 2010. The trial court denied the motion by order entered August 17, 2010. The trial court's denial of the RCr 11.42 motion was affirmed in a direct appeal to this Court by Opinion rendered April 6, 2012. *Nickelberry v. Commonwealth*, No. 2010-CA-1708-MR, 2012 WL 1137982 (Ky. App. Apr. 6, 2012). Thus, the matter of the RCr 11.42 motion was fully adjudicated to finality by this Court's opinion affirming the denial of the RCr 11.42 motion in 2012. Nickelberry, then filed a second *pro se* RCr 11.42 motion some eight years later, on October 17, 2018, and attempted to utilize the relation back doctrine of CR 15.03(1) to evade the three-year limitation period of RCr 11.42(10). It is clear that Nickelberry's original RCr 11.42 motion was fully adjudicated; therefore, the

---

[3] Although unpublished, we find the reasoning expressed in *Wooden v. Commonwealth*, No. 2017-CA-0790-MR, 2018 WL 3814611, at *2 (Ky. App. Aug. 10, 2018) as particularly relevant. In *Wooden*, appellant attempted to utilize the relation back doctrine to amend a previously ruled upon RCr 11.42 motion. The Court of Appeals observed that the relation back doctrine "cannot amend his previous RCr 11.42 motion because the trial court has already ruled on that motion and been affirmed on appeal." *Id.* at *2.

relation back doctrine of CR 15.03(1) in inapplicable. Accordingly, we are of the opinion that Nickelberry's RCr 11.42 motion is time-barred.

Even if Nickelberry's RCr 11.42 motion were timely, the motion would be barred as successive, and we would not reach the merits thereof. *See Owens v. Commonwealth*, 512 S.W.3d 1, 14 (Ky. App. 2017) (citation omitted). In this case, all of Nickelberry's contentions were either known or could have been known when he filed his original RCr 11.42 motion in 2010.

In sum, we are of the opinion that the trial court properly denied Nickelberry's RCr 11.42 motion without an evidentiary hearing.

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Derwin Nickelberry, *Pro Se* <br> LaGrange, Kentucky | Daniel Cameron <br> Attorney General of Kentucky <br> Frankfort, Kentucky |
| | Ken W. Riggs <br> Assistant Attorney General <br> Frankfort, Kentucky |